David TROJAN, James Williams, Marion R. Earnest, Shirley P. Wright, Myron R. Utech, Joseph C. Hirsch and John Hunnicutt, Petitioners-Appellants,

v.

BOARD OF REGENTS OF the UNIVERSITY OF WISCONSIN SYSTEM, Respondent.†

Court of Appeals

*No. 80–597.  Submitted on briefs October 24, 1980.—Decided December 23, 1980.*
(Also reported in 301 N.W.2d 269.)

---

† Petition to review granted. ABRAHAMSON and CALLOW, JJ., took no part.

**54**

For the petitioners-appellants the cause was submitted on the briefs of *John S. Williamson, Jr.,* and *Habush, Habush & Davis, S.C.* of Milwaukee.

For the respondent the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *James H. McDermott,* assistant attorney general.

Before Gartzke, P.J., Bablitch, J. and Dykman, J.

DYKMAN, J.   This is an appeal from an order dismissing appellants' petition for a ch. 227 review of a decision of the board of regents.

The issue is whether sec. 227.16, Stats., which requires proceedings for review to be instituted by service of a petition for review by registered mail[1] is satisfied by service of the petition by certified mail if the serving party fails to obtain a postmarked sender's receipt.

Respondent concedes that appellants' petition for review was received within the 30-day period required by sec. 227.16, Stats. It argues, and the trial court held, that the strict construction of sec. 227.16 required by *In re Proposed Incorporation of Pewaukee,* 72 Wis.2d 593, 599, 241 N.W.2d 603, 606 (1976), and many other cases, requires that a petition for review served by certified mail be dismissed if the serving party fails to obtain a postmarked sender's receipt.

■

Were sec. 227.16, Stats., the only statute affecting this case, we would have no hesitation in affirming the trial court's order. However, sec. 990.001, Stats.,[2] provides in pertinent part:

In construing Wisconsin laws the following rules shall be observed unless construction in accordance with a rule would produce a result inconsistent with the manifest intent of the legislature:

. . . .
(13) Registered and certified mail. Except in s. 345.-09, whenever the statutes authorize or require the use of registered mail, and do not require a return receipt

[1] The statute also permits personal service of the petition for review.

[2] Respondent argues that sec. 990.001(13), Stats., is inapplicable to ch. 227 proceedings because the result is inconsistent with the manifest intent of the legislature. The legislature could have excepted sec. 227.16 from the purview of sec. 990.001(13). It did not. Both appellants and respondent cite the legislative history of sec. 990.001(13) and sec. 227.16 to support their contentions. We cannot find that observing the rule set out in sec. 990.001(13) produces a result inconsistent with the manifest intent of the legislature.

of the addressee only, certified mail may be used if a sender's receipt is obtained from the postal authorities and return receipt is requested. If a return receipt signed by addressee only is required, registered mail must be used.

Because service of a petition for review is complete upon mailing and not upon receipt,[3] our concern is with the differences between registered and certified mail that occur upon mailing.

The crucial difference between registered and certified mail for the purposes of this case is that the user of registered mail is always given a receipt upon which a postmark is affixed, but that receipt is optional when certified mail is used.[4]

The United States Postal Service, *Domestic Mail Manual* sec. 912.44 (d) and (e) (1979) provides:

d. If a postmarked sender's receipt is desired, the sender must attach the certified mail sticker to the address side of the article and present the article and the completed coupon to the postal employee. If asked to do so, the postal employee will show on the receipt the time the article was accepted for mailing. If given to a rural carrier, he will return the postmarked receipt to the customer.

e. If a postmarked receipt is not desired, the sender must attach the *certified* mail sticker to the address side of the article, detach his receipt, and mail the article. He must mark his receipt to show the date.

[3] *Schroedel Corp. v. State Highway Comm.*, 38 Wis.2d 424, 429, 157 N.W.2d 562, 565 (1968).

[4] United States Postal Service, *Domestic Mail Manual* sec. 911.38 (1979), provides: "A receipt will be issued when mail is accepted for registration."

Section 911.14 provides: "Mail will not be registered if: a. placed in street letterboxes or in mail drops in post offices." There are other differences such as post office liability for loss or damage which are not pertinent to this appeal.

We may only use extrinsic aids to statutory construction if the statute is ambiguous. *State v. Kenyon,* 85 Wis.2d 36, 49, 270 N.W.2d 160, 166 (1978). The interaction of two statutes can operate to create ambiguity in either statute. *Kenyon,* 85 Wis.2d at 49, 270 N.W.2d at 166. A statute is ambiguous if it is capable of being understood by reasonably well-informed persons in two or more different senses. *Wirth v. Ehly,* 93 Wis.2d 433, 441, 287 N.W.2d 140, 144 (1980). Here, sec. 990.001(13), Stats., is ambiguous as it applies to sec. 227.16, Stats., because reasonably well-informed persons can differ as to whether the sender's receipt referred to in sec. 990.-001(13) may be obtained in blank or must be obtained with a postmark affixed.

A statute should be construed to give effect to every part of it. *Hahner v. Board of Ed. Wisconsin Rapids,* 89 Wis.2d 180, 189, 278 N.W.2d 474, 478 (Ct. App. 1979). If this part of sec. 990.001(13), Stats., which reads "if a sender's receipt is obtained from the postal authorities" is to have meaning, it must be interpreted to require a postmark on the receipt, because a certified mail receipt form or coupon is provided *whenever* certified mail is used.[5] Secondly, the only reason for the legislature to require a sender's receipt if certified mail is to replace registered mail must be to obtain the proof of service[6] benefit of registered mail. That benefit is available

---

[5] United States Postal Service, *Domestic Mail Manual* sec. 912.44 (1979), provides:

How to Mail. Obtain blank certified mail coupons, Forms 3800, *Receipt for Certified Mail* (no charge) at the post office or from rural mail carriers. Also obtain blank return receipt forms if needed.

[6] A postmarked sender's receipt substitutes the credibility of the post office department for that of a party as proof that the item was mailed on the date shown by the postmark.

only if a postmark is affixed to the certified mail receipt form.

The "court will always reject an unreasonable construction of a statute where a reasonable construction appears." *Falkner v. Northern States Power Co.*, 75 Wis.2d 116, 124, 248 N.W.2d 885, 890 (1977). It is reasonable to infer that the legislature intended that certified mail could be used as equivalent to registered mail because of the requirement that a postmarked sender's receipt be obtained. It is unreasonable to infer that the legislature intended to eliminate the requirement that a sender obtain proof of the time of service, the major benefit of registered mail.

Appellants argue that a construction of sec. 990.001 (13), Stats., requiring a postmark makes successful process serving hazardous because the statute does not explicitly require a postmark. They further argue that expensive and time-consuming motions to dismiss will be made under such construction and that the need to go to a post office to effectuate service on an administrative agency is time-consuming. Though legitimate, these concerns are best addressed to the legislature.

*By the Court.*—Order affirmed.