JAMES J. GOSLING, Secretary Department of Industry, Labor andHuman Relations
You have requested my opinion as to what constitutes an "ownership interest" under the State Relocation Assistance Act. In a letter dated February 4, 1982, your predecessor explained the situation, which provides the basis for your present concern, as follows:
 [It is] our view that a tenant business having a real property ownership interest (e.g. one having a long-term lease which is acquired) should be considered as an owner-occupant business for relocation purposes and would be entitled to benefits provided under s. 32.19(4m)(a).
 Our position is a key factor preventing our approval of a relocation plan submitted by the City of Milwaukee for a major downtown redevelopment project. This project will displace a number of tenant businesses having what we feel are substantial real property interests. The City's position is that all tenant-businesses, regardless of the fact that they may possess a substantial ownership interest in the land being acquired, should be treated as tenant-occupants. They argue, for example, that even a tenant having a remaining leasehold of 15 years who receives compensation for the value of this lease as part of the award should be classified as a tenant entitled only to a four year rent differential and a maximum payment of $30,000 pursuant *Page 181 
to s. 32.19(4m)(b). It is our belief that a tenant having this kind of property interest is more properly defined as an owner-occupant and should be entitled to a differential payment computed on the rent differential over a 15 year period with a maximum payment of $50,000 as provided under s. 32.19(4m)(a).
Under the State Relocation Assistance Act you cannot treat a tenant as an owner.
Section 32.19(2)(i), Stats., defines the term "owner" as follows: "`Owner displaced person' means a displaced person who owned the real property being acquired and also owned the business or farm operation conducted on the real property being acquired."
Section 32.19(2)(j), Stats., defines the term "tenant" as follows: "`Tenant displaced person' means a displaced person who owned the business or farm operation conducted on the real property being acquired but leased or rented the real property."
Section 32.19(4), Stats., provides benefits for owner-occupants. On the other hand, sec. 32.19(4)(b), Stats., provides other, albeit lesser, benefits for tenants who are displaced from dwellings as a consequence of public acquisitions.
Section 32.19(4m)(a), Stats., provides benefits for a landowner who operates a business on the acquired property.
Section 32.19(4m)(b), Stats., provides benefits, albeit smaller benefits, for a tenant who occupies the business on the acquired property.
Thus, we have six acts of the Legislature which define tenants and owners and prescribe specific and separate benefits for each classification. There simply is no legal basis for ignoring this clear intent of the Legislature.
It is generally accepted that a "tenant" is one who has possession of property by the written (lease) or oral permission of the owner. An "owner" is one who has legal title to the real estate. The common and ordinary meaning of these words hardly need further elaboration or explanation.
In the absence of ambiguity there is no legal basis for agency interpretation. Trojan v. Board of Regents, 100 Wis.2d 53,301 N.W.2d 269 (Ct.App. 1980). *Page 182 
It is implicit in your letter that you feel there is possible inequality in the operation of these statutes. In this regard you ask that I address any constitutional issues that may exist.
Inequality does not defeat a statute if there is a reasonable basis for the different treatment or, in other words, the classification. State v. Consolidated Freightways Corp.,72 Wis.2d 727, 242 N.W.2d 192 (1976). A classification is presumed valid unless it can be said that no set of facts can reasonably be conceived that would sustain it. State ex rel. Real Est. Exam.Bd. v. Gerhardt, 39 Wis.2d 701, 159 N.W.2d 622 (1968). In determining whether there is a rational basis for a statutory classification, the constitution is contravened only if the classification rests on grounds wholly irrelevant to the achievement of the state's objective. Stanhope v. Brown County,90 Wis.2d 823, 280 N.W.2d 711 (1979).
The purpose of the Relocation Act is set forth in sec.32.19(1), Stats., which states in part:
 The legislature declares that it is in the public interest that persons displaced by any public project be fairly compensated by payment for the property acquired and other losses hereinafter described and suffered as the result of programs designed for the benefit of the public as a whole.
The losses suffered by an owner are different in kind from the losses sustained by a tenant. These differences form a reasonable basis for the classifications adopted by the Legislature.
Also, treatment of tenants is not necessarily less generous or fair than treatment of ownership interests. For example, a tenant, whose leasehold interest has been acquired, is entitled to the fair market value of his lease. Maxey v. RedevelopmentAuthority of Racine, 94 Wis.2d 375, 288 N.W.2d 794 (1980). The fair market value of the acquired leasehold interest is the difference between the payments under the acquired leasehold and the rental market of comparable properties. Moreover, it appears the tenant receives, in part, double compensation, i.e., fair market value of the acquired lease plus the rent subsidy, which is similarly determined, under the Relocation Assistance Act. On the other hand, as an example, an owner's building may be valued at cost of reproduction less depreciation. The various factors considered under depreciation, while as a matter of law are correct, may not be realistic criteria in periods of an inflationary *Page 183 
economy. Thus, the displaced owner may actually suffer a noncompensable loss as a consequence of the taking or condemnation. Benefits under the Relocation Assistance Act may provide compensation for this loss. Accordingly, the property owner may not, as a practical matter, have a favored position or classification under the law.
In any event, your agency cannot adopt a rule that would be contrary to the clear intent of the Legislature.
BCL:CAB