Opinion
ROTHMAN, J.
Defendant was accused of violating Vehicle Code section 23152, subdivision (a) (driving under the influence of an alcoholic beverage) on *Supp. 38 January 9, 1982, with a prior conviction in 1980 of former Vehicle Code section 23102, subdivision (a). Defendant moved to strike the alleged prior conviction on the ground that Vehicle Code section 23102 did not constitute a valid prior conviction for purposes of enhanced punishment pursuant to Vehicle Code sections 23165 and 23166 and could not, therefore, be considered as such in the instant case. Based on this reasoning, the trial court declared the alleged 1980 prior conviction constitutionally invalid for the purpose of sentencing only, and the People have appealed.
In 1981 the Legislature enacted major revisions of the laws relating to drinking and driving (ch. 940, Stats. 1981), which revisions became effective on January 1, 1982.[1] Significant alterations in many provisions of the Vehicle Code were made, and many sections were renumbered. Before the 1981 revisions, Vehicle Code section 23102 read as follows: “(a) It is unlawful for any person who is under the influence of intoxicating liquor, or under the combined influence of intoxicating liquor and any drug, to drive a vehicle upon any highway.” Chapter 940 of the Statutes of 1981 caused this section to be renumbered as Vehicle Code section 23152 and slightly modified the wording to the following: “(a) It is unlawful for any person who is under the influence of an alcoholic beverage or any drug, or under the combined influence of an alcoholic beverage and any drug, to drive a vehicle.”
Accordingly, the offense embodied in Vehicle Code section 23102, subdivision (a) was not substantially changed by the legislative enactment in 1981 of Vehicle Code section 23152, subdivision (a).
In addition, the 1981 legislation made certain substantive changes. Before 1981, Vehicle Code section 23126 provided what has been called a rebuttable presumption of being under the influence of intoxicating liquor where a driver’s blood alcohol was shown to be .10 percent or above. As a result of the legislation in 1981, the rebuttable presumption was eliminated, and it is now unlawful for a person to drive a vehicle with . 10 percent or more of alcohol in the blood (Veh. Code, § 23152, subd. (b)).
Further, the 1981 legislation provided for an increased penalty, including a 90-day minimum sentence, for a second conviction within 5 years of driving under the influence by the following provisions: “If any person is convicted of a violation of Section 23152 and the offense occurred within five years of a prior offense which resulted in conviction of a violation of Section 23152 or 23153, or a prior offense which occurred on or after January 1, 1982, which *Supp. 39 resulted in a conviction of a violation of Section 23103 as specified in Section 23103.5, that person shall be punished by imprisonment in the county jail for not less than 90 days nor more than one year and by a fine of not less than three hundred seventy-five dollars ($375) nor more than one thousand dollars ($1,000).” (Veh. Code, § 23165.)
Defendant argues that since the express language of Vehicle Code section 23165 applies the increased punishment to a prior conviction of Vehicle Code section “23152,” and since defendant’s prior conviction was for a violation of Vehicle Code section “23102,” he cannot suffer the increased penalty under Vehicle Code section 23165.
The numbers used to designate various provisions of the laws of this state have no substantive meaning in and of themselves. When used in a statute, the number of a particular section is simply a shorthand means of describing or designating the substance of the provisions of the law to which they refer. The substance of any legislative enactment is not in the numerals assigned to designate it, but in the language of the law itself. Thus, when the Legislature provided in Vehicle Code section 23165 that a person should suffer an increased penalty for a second conviction within five years of a violation of Vehicle Code section 23152, this meant that where a person is convicted for a second time of driving a vehicle under the influence of an alcoholic beverage (an intoxicating liquor), the person must suffer the punishment described.
Although we can find no authority directly in point, the above interpretation is consonant with established rules of statutory construction.
“The manifest reason and purpose of an act must not be sacrificed to a literal interpretation of its verbiage. ” (People v. Villegas (1952) 110 Cal. App.2d 354, 357-358 [242 P.2d 657].) “Statutes should be construed so as to be given a reasonable result consistent with the legislative purpose. . . . In the interpretation of particular words, phrases or clauses in a statute, the entire substance of the statute or that portion relating to the subject under review should be examined in order to determine the scope and purpose of the provision containing such words, phrases or clauses. ...” (People v. Superior Court (Smith) (1969) 70 Cal.2d 123, 132-133 [74 Cal.Rptr. 294, 449 P.2d 230]; citations omitted, italics added.)
Such things as the location of an enactment in one particular code as opposed to another is “generally among the least helpful indicia of legislative intent.” (Dunlop v. Tremayne (1965) 62 Cal.2d 427, 429, fn. 2 [42 Cal.Rptr. 438, 398 P.2d 774, 17 A.L.R.3d 368], See also People v. Foulger (1972) 26 Cal.App.3d Supp. 1, 4 [103 Cal.Rptr. 156].)
*Supp. 40 The “Division, chapter, and article headings do not in any manner affect the scope, meaning, or intent of the provisions of this code.” (Veh. Code, § 7.)[2] It would be absurd to conclude that the number assigned to a statute had a greater meaning than a heading.
Were there somehow a question as to the significance of the use of the number “23152” in Vehicle Code section 23165, the Legislature removed all doubt by the inclusion of section 45 in chapter 940 of the Statutes of 1981:[3]
“(b) Any reference in the provisions of the Vehicle Code to a prior offense of Section 23152 shall include a prior offense under Section 23102 or 23105 as those sections read prior to January 1, 1982.
“(d) The provisions of this section are declaratory of existing law.” Section 45 is declarative of existing law because as already pointed out, one looks to the substance of a statute, not merely its numbering.
Defendant argues that section 45 is not a part of the Vehicle Code and, as a mere declaration of policy or legislative intent, has no substantive impact. Furthermore, he argues that the section is an improper attempt to amend by reference, citing article IV, section 9 of the California Constitution and Scott A. v. Superior Court (1972) 27 Cal.App.3d 292 [103 Cal.Rptr. 683]. We can find nothing in the nature of enactments herein reviewed or contained in the above authorities that supports this assertion. Section 45 is plainly an integral part of the legislation, and the fact that published versions of the Vehicle Code do not include it is of no moment. “A compilation of laws ... is merely a systematic arrangement of all the statutes of a particular state published to facilitate the discovery of the law. . . . The omission of statutes from the compilation, disastrous as it may be to the hurried lawyer in search of the statutory material, is without effect and if the statute is still in force its omission from the compilation is without legal significance.” (1A Sutherland, Statutory Construction (4th ed. 1973) § 28.04, p. 318.)
In San Joaquin, etc. Irr. Co. v. Stevinson (1912) 164 Cal. 221 [128 P. 924], the Supreme Court held that: “. . .the incorporation of the statute in the code cannot be said to have a greater effect upon its meaning than an amendment thereof would have had .... Hence, the meaning and effect of the statute . . . would not be changed by putting it in the code, and if it did not repeal or modify *Supp. 41 the pre-existing law before its codification, it would not have that effect afterward.” (Italics added.) (Id., at p. 234.)
The order declaring the prior conviction invalid for the purpose of sentencing is reversed and the cause is remanded to permit defendant to withdraw his plea of guilty to the offense charged in count I and to allow the reinstatement of count n, if so requested by the People, and then to conduct such further proceedings as may be appropriate—including entertaining whatever other motions defendant may have concerning the validity of the alleged prior conviction on other grounds.
Foster, Acting P. J., and Jones, J., concurred.

 Chapter 940 of the Statutes of 1981 contained these major revisions. Certain flaws were immediately detected in this statute, so the Legislature adopted a similar series of laws, and the Governor signed the bill as an urgency enactment effective on February 18, 1982. It became chapter 53 of the Statutes of 1982. Our decision would apply to chapter 53 as well as to chapter 940.

 Similar provisions can be found in almost all California codes.

 See also section 45, chapter 53 of the Statutes of 1982.