STATE of Wisconsin, Plaintiff-Respondent,

v.

Robert C. IRISH, Defendant-Appellant.†

Court of Appeals

*No. 96–2303. Submitted on briefs January 14, 1997.—Decided April 8, 1997.*

(Also reported in 565 N.W.2d 161.)

†Petition to review denied.

On behalf of defendant-appellant, there were briefs by *Len Kachinsky* of *Kachinsky & Petit Law Offices* of Neenah.

On behalf of plaintiff-respondent, there was a brief by *James E. Doyle*, attorney general, and *Sally L. Wellman*, assistant attorney general.

Before Cane, P.J., LaRocque and Myse, JJ.

LaROCQUE, J.   Robert Irish appeals his civil commitment as a sexually violent person pursuant to ch. 980, STATS., commonly known as the "sexual predator law." Irish challenges the trial court's legal conclusion that his 1991 conviction for child enticement under a repealed and recreated statute is

an appropriate predicate sex offense essential to a commitment. Chapter 980 applies to a person previously convicted of a "sexually violent offense," as defined in § 980.01(6), STATS.[1] Because a ch. 980 commitment requires a prior conviction of certain sex crimes, the basis of Irish's challenge is whether his 1991 conviction for child enticement set forth in § 944.12, STATS., 1987-88, a crime that was repealed and recreated as § 948.07, STATS., prior to the adoption of ch. 980 provides a basis for commitment. Section 980.01(6) defines a "sexually violent offense," among others, as "Any crime specified" in § 948.07. We conclude that the "crime specified" in § 948.07 is child enticement, the title to both the former and the present statute, and that the legislative act of repealing and recreating the former statute does not exempt Irish from ch. 980. We therefore affirm the judgment of commitment.[2]

---

[1] Section 980.01, STATS., provides in part:

Definitions. In this chapter:

. . . .
(6) "Sexually violent offense" means any of the following:
(a) *Any crime specified* in s. 940.225(1) or (2), 948.02(1) or (2), 948.025, 948.06 or 948.07. (Emphasis added.)

[2] Irish raises various constitutional challenges to ch. 980, STATS. He concedes that similar challenges were resolved contrary to his position by the Wisconsin Supreme Court in *State v. Post*, 197 Wis. 2d 279, 541 N.W.2d 115 (1995), and *State v. Carpenter*, 197 Wis. 2d 252, 541 N.W.2d 105 (1995). This court is bound by the decisions of the supreme court, *State v. Clark*, 179 Wis. 2d 484, 493, 507 N.W.2d 172, 175 (Ct. App. 1993). Irish seeks only to preserve the constitutional issues pending a decision by the United States Supreme Court to similar challenges to a Kansas statutory scheme for civil commitment of sex offenders. *See Kansas v. Hendricks*, 116 S.

The issue Irish raises requires us to construe § 980.01(6), STATS.[3] The construction of a statute is a question of law that we review de novo. *In re J.W.T.*, 159 Wis. 2d 754, 760-61, 465 N.W.2d 520, 523 (Ct. App. 1990). The guiding principle in construction of statutes is to discern the legislative intent. *Hemerley v. American Family Mut. Ins. Co.*, 127 Wis. 2d 304, 308, 379 N.W.2d 860, 863 (Ct. App. 1985). The interaction of two or more statutes can operate to create an ambiguity. *Trojan v. Board of Regents*, 100 Wis. 2d 53, 57, 301 N.W.2d 269, 270 (Ct. App. 1980), *reversed on other grounds*, 104 Wis. 2d 277, 311 N.W.2d 586 (1981). If the statute is ambiguous, the court must look to legislative intent found in its scope, history, context, subject matter and its intended object. *Wisconsin's Environ. Decade v. PSC*, 81 Wis. 2d 344, 350, 260 N.W.2d 712, 715 (1978).

We determine that the statutory definition of "Sexually violent offense" found in ch. 980, STATS., is ambiguous. This term could mean, as Irish would have us read it, only a conviction under the recreated statute, § 948.07, STATS. On the other hand, § 948.07 retains the title "Child enticement," and the definition

Ct. 2522 (1996) (certiorari review accepted). This court therefore need not address the constitutional questions.

[3] Irish's 1991 child enticement conviction related to actions occurring in 1987. The statute under which he was prosecuted, § 944.12, STATS., was repealed and recreated as § 948.07, STATS., by 1987 WIS. ACT 332, effective July 1, 1989. Although Irish was convicted of the crime of child enticement on April 10, 1991, the parties are in agreement that the conviction was properly obtained under the statute in effect at the time of the crime, § 944.12, STATS.

of sexually violent offense refers not to a conviction under § 948.07, but to "any crime specified" in that section. Thus, a reasonable alternative reading of the definition would include a child enticement conviction that occurred prior to reenactment of the crime in its present form and number.

In examining the scope and history of the crime of child enticement, we observe that the legislature not only retained the title "Child enticement" to describe the offense, but it is also apparent that anyone convicted under the former statute of child enticement could be convicted under the new one. This is so because the changes made in § 948.07, STATS., broaden rather than restrict the scope of the offense.

The former provision, § 944.12, STATS., 1987-88, punished anyone "18 years of age or over, who, with intent to commit a crime against sexual morality, persuades or entices any child under 18 years of age into any vehicle, building, room or secluded place . . . ." The statute as recreated, § 948.07, STATS., punishes anyone who, with intent to commit a specified list of crimes involving children, "causes or attempts to cause any child who has not attained the age of 18 years of age to go into any vehicle, building, room or secluded place . . . ."

The legislative comment to § 948.07, STATS., provides as follows:

Comments—1987 Act 332

This section:

1. Deletes the words "persuades or entices" contained in the current child enticement statute [s.944.12] and, instead, characterizes the crime of child enticement as "causing or attempting to cause" a child to go into any vehicle, building, room

or secluded place with the intent to commit a criminal act or acts. The substitution of "causes" for "persuades or entices", eliminates as an element of the crime the state of mind of the child being enticed. The language "attempts to cause" is added to further clarify that the crime of child enticement includes the attempted act of enticement, consistent with s. 939.32(1)(d), as created by this bill.

2. Deletes the provision under current law limiting the applicability of the child enticement statute to offenders 18 years of age or over. Under the bill, any person can be charged with and convicted of enticing a child, even if the offender is also a child. Consequently, under the bill, an offender who is a child would be treated as a juvenile offender, as is done with other crimes committed by minors.

3. Enumerates specific intended purposes as those for which enticing a child would be a criminal act (e.g., having sexual contact, including sexual intercourse, with the child). These enumerated purposes are substituted for the current language requiring an intent to commit "a crime against sexual morality."

Thus, in view of the expansive coverage provided, it would seem anomalous for the legislature to exclude those convicted under the earlier statute, § 944.12, STATS. 1987-88.

Our conclusion is further supported if we look to relevant historical background of the enactment of ch. 980, STATS. This enactment is sometimes referred to as the "Gerald Turner" law:

The enactment of chapter 980 was preceded by a widely publicized, highly politicized and extremely

112

emotional public debate following the release of the notorious sex offender Gerald Turner.

*State v. Post*, 197 Wis. 2d 279, 343, 541 N.W.2d 115, 138-39 (1995) (Abrahamson, J., dissenting). Contemporary news reports show that Turner's 1975 convictions included *enticing a child for immoral purposes*.[4]

As further evidence that the legislature meant to incorporate the former child enticing statute as part of the definition of a "Sexually violent offense," is the broad temporal scope of ch. 980, STATS. Section 980.13, STATS., provides:

Applicability.

This chapter applies to a sexually violent person regardless of whether the person engaged in acts of sexual violence before, on or after June 2, 1994.

---

[4] Michael R. Zahn, *Judge hears case against killer's parole*, THE MILWAUKEE JOURNAL, January 6, 1993, at B1. See also an article by one of the authors of ch. 980, STATS., found in WISCONSIN LAWYER:

The Wisconsin Legislature recently passed the "Gerald Turner" sexual predator bill. . . .

. . . .

The sexual predator law was used for the first time in Wisconsin on June 7, 1994, when a petition for civil commitment was filed to keep convicted pedophile Raymond Matzker behind bars. Matzker was convicted in 1982 of three counts of child enticement . . . .

Alberta Darling, *Keeping Sexual Predators Off Our Streets*, 67 WISCONSIN LAWYER 27 (July 1994).

While the issue before us now was not raised in *State v. Post*, 197 Wis. 2d 279, 541 N.W.2d 115 (1995), it is interesting to note that a predicate offense alleged in Post's commitment petition was child enticement, committed under § 944.12, STATS. *See* appendix to the State's brief on file at the state law library.

To summarize, while the definition of "Sexually violent offense" is ambiguous, we believe the history, purpose and scope of ch. 980, STATS., reveals that the legislature intended to include child enticement convictions under the former statute within that definition. The judgment civilly committing Irish for further treatment as a sexually dangerous person is therefore affirmed.

*By the Court.*—Judgment affirmed.