IN RE the COMMITMENT OF Aaron K. GIBBS:

STATE of Wisconsin, Petitioner-Respondent,

v.

Aaron K. GIBBS, Respondent-Appellant.†

Court of Appeals

*No. 00–1176. Submitted on briefs January 12, 2001.—Decided March 7, 2001.*

2001 WI App 83

(Also reported in 625 N.W.2d 666.)

†Petition to review denied.

On behalf of the respondent-appellant, the cause was submitted on the briefs of *Donna L. Hintze*, assistant state public defender of Madison.

On behalf of the petitioner-respondent, the cause was submitted on the brief of *Diane M. Welsh*, assistant attorney general, and *James E. Doyle*, attorney general.

Before Nettesheim, Anderson and Snyder, JJ.

¶ 1. ANDERSON, J. Aaron K. Gibbs appeals from a circuit court judgment and order committing him for institutional care under WIS. STAT. ch. 980 (1997–98).[1] Gibbs argues that ch. 980 does not authorize the filing of a petition against an individual adjudicated delinquent under former WIS. STAT. ch. 48 (1993–94). Based on this contention, Gibbs claims that the judgment and commitment order must be vacated and the petition dismissed. We disagree. We hold that the circuit court had the authority to proceed on the sexual predator petition because ch. 980 was not meant to exclude from coverage those individuals, like Gibbs, found delinquent for violent sexual offenses under former WIS. STAT. ch. 48 (1993–94). We affirm.

## Facts

¶ 2. On June 3, 1999, the State filed a petition asking that Gibbs be detained pursuant to WIS. STAT. § 980.02(1)(a) as a "sexually violent person" within the meaning of WIS. STAT. § 980.01(7).[2] The petition stated

---

[1] In our determination, we will rely on the 1997–98 version of the Wisconsin Statutes, the relevant statutes at the time of the circuit court decision. All further references to the Wisconsin Statutes will be to the 1997–98 version unless otherwise noted.

[2] WISCONSIN STAT. § 980.01(7) defines a "sexually violent person" as

a person who has been convicted of a sexually violent offense, *has been adjudicated delinquent for a sexually violent offense,* or has been found not guilty of or not responsible for a sexually violent offense by reason of insanity or mental disease, defect or illness, and who is dangerous because he or she suffers from a mental disorder that makes it substantially probable that the person will engage in acts of sexual violence. (Emphasis added.)

that Gibbs had been adjudicated "delinquent" as defined in former WIS. STAT. § 48.02 (1993–94)[3] on June 20, 1995, for a sexually violent offense, specifically, first-degree sexual assault of a child contrary to WIS. STAT. § 948.02(1) (1993–94).[4]

¶ 3. On June 3, 1999, the date the WIS. STAT. ch. 980 petition was filed, the circuit court made a preliminary finding of probable cause that Gibbs was a sexually violent person and entered a detention order. On June 18, 1999, the court found probable cause and ordered the case scheduled for trial. A court trial was held on December 10, 1999. At the close of trial, the court issued a written decision finding Gibbs to be a sexually violent person. On February 1, 2000, a judgment and order were entered committing Gibbs for institutional care. On April 27, 2000, Gibbs filed a notice of appeal.

---

[3] Former WIS. STAT. § 48.02(3m) (1993–94) defines "delinquent" as "a child who is less than 18 years of age and 12 years of age or older who has violated any state or federal criminal law."

The definition for delinquent is now found in the recreated Juvenile Justice Code, WIS. STAT. ch. 938. WISCONSIN STAT. § 938.02(3m) defines "delinquent" as "a juvenile who is 10 years of age or older who has violated any state or federal criminal law."

[4] WISCONSIN STAT. § 948.02(1) (1993–94) and § 948.02(1) (1997–98) are identical. They read: "FIRST DEGREE SEXUAL ASSAULT. Whoever has sexual contact or sexual intercourse with a person who has not attained the age of 13 years is guilty of a Class B felony."

## Standard of Review

¶ 4.   The applicability of WIS. STAT. ch. 980 to individuals who have been adjudicated under the former WIS. STAT. ch. 48 (1993–94) requires statutory interpretation and our standard of review is de novo. *State v. Irish*, 210 Wis. 2d 107, 110, 565 N.W.2d 161 (Ct. App. 1997). The threshold question we must ask is whether the relevant statutes are ambiguous. *Standard Theatres, Inc. v. DOT*, 118 Wis. 2d 730, 740, 349 N.W.2d 661 (1984). A statute is ambiguous if it could support more than one reasonable interpretation. *State v. Sweat*, 208 Wis. 2d 409, 417–18, 561 N.W.2d 695 (1997); *UFE Inc. v. LIRC*, 201 Wis. 2d 274, 282–83, 548 N.W.2d 57 (1996). The words of a particular statutory provision or the words of a provision as they relate to other provisions or statutes may create ambiguity. *Id.*

## Statutory Changes and Analysis

¶ 5.   Gibbs argues that WIS. STAT. § 980.02(2)(ag) is clear on its face. We reject Gibbs's contention. We hold that § 980.02(2)(ag) is ambiguous in its scope. The problem arises because of statutory changes subsequent to Gibbs's original juvenile adjudication. WISCONSIN STAT. ch. 980 was in existence when Gibbs was found delinquent. The provision in question, § 980.02(2)(ag), referred to the old juvenile code WIS. STAT. ch. 48 (1993–94) and provided in pertinent part:

> **(2)**   A petition filed under this section shall allege that all of the following apply to the person alleged to be a sexually violent person:
> (a)   The person satisfies any of the following criteria:
>      . . . .

2. The person has been found delinquent for a sexually violent offense.

. . . .

(ag) The person is within 90 days of discharge or release, on parole or otherwise, from a sentence that was imposed for a conviction for a sexually violent offense, from a secured correctional facility, as defined in *s. 48.02(15m)*, if the person was placed in the facility for being adjudicated delinquent under *s. 48.34* on the basis of a sexually violent offense or from a commitment order that was entered as a result of a sexually violent offense.

Section 980.02(2)(ag) (1993–94) (emphasis added).

¶ 6. In 1995, after Gibbs was adjudicated delinquent, WIS. STAT. ch. 48 (1993–94) was "broken up" by legislation. All of the provisions dealing with delinquency were recreated in the new WIS. STAT. ch. 938. As part of the legislation, WIS. STAT. § 980.02(2)(ag) (1993–94) was modified by substituting references to sections of WIS. STAT. ch. 48 (1993–94) with references to sections of the new ch. 938. The last amendments to § 980.02(2)(ag) were made in 1997 and the statute now reads in relevant part:

**(2)** A petition filed under this section shall allege that all of the following apply to the person alleged to be a sexually violent person:

(a) The person satisfies any of the following criteria:

. . . .

2. The person has been found delinquent for a sexually violent offense.

. . . .

(ag) The person is within 90 days of discharge or release, on parole, extended supervision or otherwise, from a sentence that was imposed for a conviction for a sexually violent offense, from a

secured correctional facility, as defined in *s. 938.02(15m)*, or a secured child caring institution, as defined in *s. 938.02(15g)*, if the person was placed in the facility for being adjudicated delinquent under *s. 938.183* or *938.34* on the basis of a sexually violent offense or from a commitment order that was entered as a result of a sexually violent offense. (Emphasis added.)

¶ 7. The question is whether in 1997 the circuit court had the authority under the 1997–98 version of WIS. STAT. ch. 980 to proceed on a sexual predator petition against an individual who was adjudicated under the old juvenile code.[5] The 1997–98 version of ch. 980 refers to the recreated and newly numbered juvenile code (WIS. STAT. ch. 938) and makes no reference to the 1993–94 juvenile code (WIS. STAT. ch. 48). In substance, however, the references in both versions of ch. 980 are the same. Both the 1993–94 version and the 1997–98 version of ch. 980 refer to an individual adjudicated delinquent on the basis of a sexually violent offense or from a commitment order that was entered as a result of a sexually violent offense. The substance of ch. 980 authority is unchanged despite the renumbering of the juvenile code. This independently demonstrates circuit court authority under ch. 980 to proceed on a sexual predator petition.

---

[5] We note that the State, in its appellate response, initially argued waiver, contending that Gibbs had waived this issue because he did not raise it in the circuit court. Waiver is a rule of judicial administration and does not deprive this court of the power to address the waived issue, *Wirth v. Ehly*, 93 Wis. 2d 433, 443–44, 287 N.W.2d 140 (1980), especially where there are no factual issues which require resolution. *State v. Skamfer*, 176 Wis. 2d 304, 311, 500 N.W.2d 369 (Ct. App. 1993). We will address the issue on its merits because it is likely to recur.

¶ 8. Even further support for this authority comes from WIS. STAT. § 980.13, the applicability section of WIS. STAT. ch. 980. Section 980.13 tells us that ch. 980 applies retroactively. It states that the applicability of ch. 980 extends to "a sexually violent person regardless of whether the person engaged in acts of sexual violence before, on or after June 2, 1994." Nonetheless, when WIS. STAT. § 980.02(2)(ag) is read in conjunction with § 980.13, there is an ambiguity. The ambiguity stems from the fact that if the 1997–98 version of § 980.02(2)(ag) is read literally, ch. 980 would not cover sexual offenders adjudicated under former WIS. STAT. ch. 48 (1993–94) because it refers only to the new WIS. STAT. ch. 938. We must dispel the ambiguity.

¶ 9. It would be absurd to conclude, in light of the retroactive applicability of WIS. STAT. ch. 980, that the legislature would intentionally exclude from coverage all those adjudicated of violent sexual offenses under former WIS. STAT. ch. 48. Courts must apply statutes as they are written, unless to do so would lead to an absurd result. *State v. Young*, 180 Wis. 2d 700, 704, 511 N.W.2d 309 (Ct. App. 1993), *aff'd*, 191 Wis. 2d 393, 528 N.W.2d 417 (1995); *see also DNR v. Wis. Power & Light Co.*, 108 Wis. 2d 403, 408, 321 N.W.2d 286 (1982). Therefore, to avoid an absurd result, we conclude that the legislature intended ch. 980 to apply to those adjudicated under former WIS. STAT. ch. 48.

¶ 10. This court confronted a similar issue in *Irish*. In that case, the defendant appealed his commitment as a sexually violent person under WIS. STAT. ch. 980. *Irish*, 210 Wis. 2d at 108. The issue was whether the definition of "sexually violent offense" in WIS. STAT. § 980.01(6) referred not to a conviction under WIS. STAT.

§ 948.07, but to "any crime specified" in that section. *Irish*, 210 Wis. 2d at 110–11. We held that "while the definition of '[s]exually violent offense' is ambiguous, we believe the history, purpose and scope of ch. 980, Stats., reveals that the legislature intended to include child enticement convictions under the former statute within that definition." *Irish*, 210 Wis. 2d at 114. The legislative act of repealing and recreating the former statute did not exempt the defendant from ch. 980.

¶ 11.   Just as in *Irish*, here there is confusion due to the recreation of a statute. The revision of WIS. STAT. ch. 980, specifically WIS. STAT. § 980.02(2)(ag), replaced the reference to an adjudication of delinquency under WIS. STAT. § 48.34 (1993–94) with a reference to WIS. STAT. § 938.34. *See* 1995 Wis. Act 77, § 695. Gibbs would like us to believe that the legislature intended to exclude those who were adjudicated delinquent under WIS. STAT. § 48.34 (1993–94) from potential commitment under ch. 980. We believe no such thing. Instead, we believe that the lack of reference to WIS. STAT. ch. 48 (1993–94) was an inadvertent oversight. A renumbered statute without a change in substance does not exempt a defendant from ch. 980. The reference in § 980.02(2)(ag) to § 938.34 incorporates the former WIS. STAT. § 48.34 (1993–94), the predecessor to § 938.34.

¶ 12.   We could end our discussion here but consider instructive the analysis in *People v. Andrade*, 190 Cal. Rptr. 738 (Cal. App. Dep't. Super. Ct. 1983). In *Andrade*, the defendant was accused of violating the California Vehicle Code (driving under the influence of an alcoholic beverage) on January 9, 1982, with a prior conviction in 1980 for a violation of the former California Vehicle Code. *Andrade*, 190 Cal. Rptr. at 739.

¶ 13.   In 1981, the California Legislature revised its laws relating to drunk driving. *Id.* Before these revi-

sions, the offense of drunk driving was proscribed in California Vehicle Code § 23102. After the revisions, the offense of drunk driving was proscribed in California Vehicle Code § 23152. Thus, the 1981 revision slightly modified the wording of the drunk driving section and caused it to be renumbered from California Vehicle Code § 23102 to California Vehicle Code § 23152. *Andrade*, 190 Cal. Rptr. at 739.

¶ 14.   The 1981 revision also created an additional section of the drunk driving code. This new "increased penalty" section applied if a person was convicted of drunk driving within five years of a prior conviction for drunk driving. *Id.* at 740. Notably, no mention was made of prior convictions under the former California Vehicle Code § 23102, which was the predecessor to California Vehicle Code § 23152 and the section under which the defendant in *Andrade* had been previously convicted.

¶ 15.   Andrade argued that since the express language of the new "increased penalty" section referred only to California Vehicle Code § 23152, and since his prior conviction was for a violation of former California Vehicle Code § 23102, he could not suffer the increased penalty. *Andrade*, 190 Cal. Rptr. at 740. The *Andrade* court disagreed and held that

> [w]hen used in a statute, the number of a particular section is simply a shorthand means of describing or designating *the substance* of the provisions of the law to which they refer. The substance of any legislative enactment is not in the numerals assigned to designate it, but in the language of the law itself.

*Id.* (emphasis added). The court went on to hold that the defendant, having been convicted for a second

offense of drunk driving, must suffer the increased penalty described.

¶ 16.  Our interpretation that the incorporation of the delinquency adjudication statute in WIS. STAT. § 980.02(2)(ag) is an incorporation of the *substance* of the adjudication process, rather than merely a numerical designation, avoids an absurd result. *Andrade* represents a persuasive and reasonable approach to the interpretation of a statutory reference in one statute to another statute. We agree with *Andrade* that "the number of a particular section is simply a shorthand means of describing or designating the substance of [that section]." *Andrade*, 190 Cal. Rptr. at 740. With this decision, we abide by the spirit and the purpose of WIS. STAT. ch. 980. As noted earlier, the applicability section, WIS. STAT. § 980.13, demonstrates that the legislature intended ch. 980 to be applied to sexually violent persons who had been adjudicated delinquent for offenses prior to or after June 2, 1994. Therefore, it is no stretch to hold that ch. 980 applies to persons adjudicated delinquent under both the former WIS. STAT. § 48.34 (1993–94) as well as the present WIS. STAT. § 938.34.

*By the Court.*—Judgment and order affirmed.