Melissa M. HINES and William Hines,
Plaintiffs-Respondents,

UNITED STATES DEPARTMENT of the Army,
Involuntary-Plaintiff,

v.

Daniel K. RESNICK, M.D, Kirkland W. Davis, M.D
and Richard Kijowski, M.D,
Defendants-Appellants.†

Court of Appeals

*No. 2011AP109. Submitted on briefs September 13, 2011.
—Decided November 23, 2011.*

2011 WI App 163

191

On behalf of the defendants-appellants, the cause was submitted on the briefs of *John J. Glinski*, assistant attorney general, and *J.B. Van Hollen*, attorney general.

On behalf of the plaintiffs-respondents, the cause was submitted on the brief of *Shawn R. Crain* of *End, Hierseman & Crain, LLC*.

Before Lundsten, P.J., Higginbotham and Blanchard, JJ.

¶ 1. BLANCHARD, J. The issue in this case is how to interpret the requirement in Wis. Stat. § 893.82(5) (2005–06)[1] that a notice of claim against a state employee must be "served upon the attorney general at his or her office in the capitol by certified mail." The issue arises because, as it turns out, no matter how the sender addresses certified mail to the attorney general, the mail is not actually delivered to or received by anyone at the office in the state capitol assigned to the attorney general. Instead, the state follows a procedure under which an authorized agent receives the attorney general's certified mail at a U.S. Post Office branch in Madison, and then delivers it to a single place, the attorney general's Main Street office, and not to the capitol office. This occurs regardless of whether the mail is addressed to the capitol office, the Main Street office, or the attorney general's post office box.

¶ 2. In this case, the state-employed physicians who are the subject of the claim at issue moved to dismiss Melissa Hines' medical malpractice action on the grounds that her certified-mail notice of claim did not comply with Wis. Stat. § 893.82(5) because she addressed it to the attorney general's post office box, and not to the capitol office.[2] The circuit court denied the physicians' motion, concluding that the notice complied with § 893.82(5). We granted the physicians' petition for leave to appeal the ensuing nonfinal order.

¶ 3. The physicians interpret Wis. Stat. § 893.82(5) as requiring that the address on the notice include the street address of the attorney general's

---

[1] All references to the Wisconsin Statutes are to the 2005–06 version unless otherwise noted.

[2] The appellant physicians are Daniel K. Resnick, Kirkland W. Davis, and Richard Kijowski. Hines' husband, William Hines, is an additional respondent.

capitol office, that is, the address on the envelope must include the words "114 East, State Capitol." We conclude, based on the undisputed facts of this case, that the physicians' interpretation is unreasonable. Instead, a notice is properly served if a claimant sends the notice by certified mail addressed to the attorney general at his or her capitol office, Main Street office, or post office box, or any combination of those three addresses, assuming that the notice otherwise complies with § 893.82(5).

¶ 4. Accordingly, we affirm the circuit court's order denying the physicians' motion to dismiss. In addition, we conclude that, on remand, the parties may address an issue the physicians raise for the first time on appeal, namely, whether Hines complied with the separate requirement in Wis. Stat. § 893.82(3) that a notice of claim state the time of the event or events giving rise to the claim.

## BACKGROUND

¶ 5. The specifics of Hines' medical malpractice complaint are irrelevant to this appeal. It is undisputed that the alleged negligence occurred in the course of the physicians' duties as state employees and, therefore, that the notice of claim provisions in Wis. Stat. § 893.82 apply.

¶ 6. Wisconsin Stat. § 893.82(3) provides, as most pertinent here, that "no civil action or civil proceeding may be brought against any state officer, employee or agent" unless a claimant first timely "serves upon the attorney general written notice of a claim . . . ." Section 893.82(5) requires that the notice "shall be served upon the attorney general at his or her office in the capitol by certified mail."[3]

---

[3] Notices of claim under Wis. Stat. § 893.82 are no longer required for medical malpractice claims. *See* § 893.82(5m) (2009–10); 2009 Wis. Act 278. This case arose at a time when

¶ 7. Hines sent her notice of claim to the attorney general by certified mail, addressed as follows:

J.B. Van Hollen, Attorney General
State of Wisconsin Department of Justice
17 West Main Street
P.O. Box 7857
Madison, WI 53707–7857

¶ 8. The physicians did not allege in their motion to dismiss the malpractice action that any element of this address was inaccurate. Instead, they argued to the circuit court that it was fatally incomplete under Wis. Stat. § 893.82(5) because it did not include the attorney general's capitol building address.

¶ 9. The circuit court permitted Hines to submit additional evidence. The following facts were undisputed:

- Post Office Box 7857 is assigned exclusively to the attorney general's office, and is located at a U.S. Post Office branch in the city of Madison.

- A unit of the state department of administration (DOA) retrieves from the U.S. Postal Service all mail

they were. *See* § 893.82(3) and (5m). The pertinent statutory provisions are otherwise unchanged. Section 893.82(5) provides, in full, as follows:

> The notice under sub. (3) shall be sworn to by the claimant and shall be served upon the attorney general at his or her office in the capitol by certified mail. Notice shall be considered to be given upon mailing for the purpose of computing the time of giving notice.

We decide this appeal based on the factual record developed before the circuit court as it bears on the particular notice at issue in this case at the time that notice was served and the practice of the state as shown in that record.

195

addressed to state agencies and delivers it to state agencies located within the city of Madison.

- Drivers, employed by DOA, who retrieve mail at the Post Office branch addressed to the attorney general have authority to accept certified mail and sign the "green card" receipt as agents for the state.

- Using that authority, DOA drivers sign the green card receipts at the post office.

- After signing for the certified mail, DOA drivers deliver each item to the state agency named on the mail.

- In the case of the attorney general's certified mail, DOA delivers these items to the attorney general's Main Street office in Madison, regardless of whether the mail is addressed to the attorney general's capitol office, to the Main Street office, to the post office box, or to both the street address and post office box.

- The practice of the U.S. Postal Service and DOA makes it impossible for the acknowledgment or receipt of the attorney general's certified mail to occur at the attorney general's capitol office.

- Hines' attorney sent notice by certified mail and received a green card in return.

- The WIS. STAT. § 893.82 notice of claim form available on the attorney general's web site at times relevant to this case instructed claimants to mail claims to "114 East[,] State Capitol, Post Office Box 7857, Madison, Wisconsin, 53707–7857," thus reciting the capitol office location, but also referencing the post office box.

- The attorney general's web site elsewhere instructed claimants to address notices to the capitol

196

address, but using the 53707–7857 zip code, thus effectively directing delivery to the post office box.

The circuit court concluded, based on the undisputed facts and the court's analysis of the law, that Hines complied with § 893.82(5). We reference additional facts as needed below.

## DISCUSSION

¶ 10. We first interpret the Wis. Stat. § 893.82(5) requirement that a notice of claim be "served upon the attorney general at his or her office in the capitol." We then turn to the § 893.82(3) statement-of-time issue that the physicians raise for the first time on appeal.

### A. *Wis. Stat. § 893.82(5)—Service at Capitol Office*

¶ 11. As already indicated, the facts relevant to this appeal are undisputed. The interpretation and application of a statute to undisputed facts is a question of law for our de novo review. *WIREdata, Inc. v. Village of Sussex*, 2008 WI 69, ¶ 45, 310 Wis. 2d 397, 751 N.W.2d 736.

#### 1. *Rules of Statutory Interpretation*

¶ 12. Statutory interpretation begins with the language of the statute, and if the meaning of the statute is plain, we ordinarily stop there. *State ex rel. Kalal v. Circuit Court for Dane County*, 2004 WI 58, ¶ 45, 271 Wis. 2d 633, 681 N.W.2d 110. At the same time, however, courts "may construe a clear and unambiguous statute 'if a literal application would lead to an

197

absurd or unreasonable result.' " *State v. Delaney*, 2003 WI 9, ¶ 15, 259 Wis. 2d 77, 658 N.W.2d 416 (quoting *Coca-Cola Bottling Co. v. La Follette*, 106 Wis. 2d 162, 170, 316 N.W.2d 129 (Ct. App. 1982)). It is a "fundamental" rule of statutory interpretation that courts must avoid interpreting statutes in a way that produces absurd or unreasonable results. *Lake City Corp. v. City of Mequon*, 207 Wis. 2d 155, 162, 558 N.W.2d 100 (1997); *see also Kalal*, 271 Wis. 2d 633, ¶ 46.

 *2. Interpretation and Application of WIS. STAT. § 893.82(5)*

 ¶ 13. WISCONSIN STAT. § 893.82(5) requires that a notice of claim must be "served upon the attorney general at his or her office in the capitol by certified mail." We begin by observing that under the literal terms of § 893.82(5), the following event must occur: a certified mail notice is delivered to the attorney general (or, of course, an authorized agent) at the attorney general's capitol office.

 ¶ 14. However, the undisputed facts in this case establish that service by certified mail to the attorney general's capitol office never occurs, and cannot occur, regardless of how a claimant addresses a notice, or what physical location the claimant has in mind as its destination. And, obviously, a claimant cannot comply with the statute by hand delivering a notice to the attorney general's capitol office because such service would not comply with the certified mail requirement. Thus, the best any claimant can achieve is delivery of the certified mail notice to the attorney general's Main Street office.

 ¶ 15. The physicians assert that it is possible for a claimant to comply with the statute, but they do so by relying on a fiction. The fiction is that notices including "114 East, State Capitol" are "served" by certified mail

on the attorney general "at his or her office in the Capitol," despite the fact that those notices are not delivered to the capitol. Simply asserting that service by certified mail occurs at the attorney general's capitol office, when it does not, is a meritless argument.

¶ 16. Enforcing literal compliance with a statute when literal compliance is impossible would, of course, be an absurd and unreasonable result. The legislature plainly intended to describe service that is possible to achieve. Accordingly, we cannot give the statute its literal interpretation. *See Kalal*, 271 Wis. 2d 633, ¶ 46; *Delaney*, 259 Wis. 2d 77, ¶ 15; *Lake City Corp.*, 207 Wis. 2d at 162; *see also State v. Wachsmuth*, 73 Wis. 2d 318, 326, 243 N.W.2d 410 (1976) (courts should not interpret statutes to produce "legally absurd and physically impossible" results).

¶ 17. As we have stated, the physicians' argument is that a reasonable interpretation of Wis. Stat. § 893.82(5) is that a notice is properly served only if the address on the notice includes "114 East, State Capitol." We disagree. For the reasons discussed in the following paragraphs, we conclude that § 893.82(5) must be interpreted to mean that a notice is properly served if a claimant sends the notice by certified mail addressed to the attorney general at his or her capitol office, Main Street office, or post office box, or any combination of those three addresses, assuming that the notice otherwise complies with § 893.82(5). Given the undisputed facts, there is no other interpretation that both (1) allows for service and (2) treats equally all notices that are in effect "served upon the attorney general" by

the same process and at the same location. Moreover, this interpretation is supported by the purposes of § 893.82.

¶ 18. We now address in turn the undisputed facts, the purposes of Wis. Stat. § 893.82, and the additional arguments regarding this issue raised by the physicians.

### a. The Undisputed Facts

¶ 19. As already indicated, it is undisputed that, under the state's practice in processing the attorney general's mail, no distinction is made among notices depending on whether they are addressed to the attorney general at the capitol office, Main Street office, post office box, or any combination of those three addresses. Rather, in each instance the certified mail receipt is signed at a U.S. Post Office branch by an authorized state agent and delivered to the attorney general's Main Street office.

¶ 20. Also undisputed is that official state guidance available to the public, including all potential claimants, during the relevant time period directed that a Wis. Stat. § 893.82 notice of claim should be addressed to a hybrid of the attorney general's capitol office address and post office box address. More specifically, a notice of claim form available during the relevant time period on the attorney general's web site[4] instructed claimants to send § 893.82 notices to "114 East, State Capitol, *Post Office Box 7857,* Madison, Wisconsin *53707–7857.*" (Emphasis added.) Elsewhere, the web site instructed claimants to send such notices by certi-

---

[4] The web site is that of the department of justice, which is "under the direction and supervision of the attorney general." Wis. Stat. § 15.25.

200

fied mail to "114 East State Capitol, Madison WI *53707–7857.*" (Emphasis added.) Finally, an excerpt from the 2007–08 WISCONSIN BLUE BOOK submitted by Hines lists only one mailing address for the attorney general, "P.O. Box 7857, Madison 53707–7857." *See* WISCONSIN BLUE BOOK, at 458 (2007–08); *accord* WISCONSIN BLUE BOOK, at 433 (2011–12). There is no dispute that the 53707–7857 zip code corresponds to the attorney general's post office box and that including "7857" causes the mail to be delivered to the post office box.[5]

¶ 21. Based on these undisputed facts, we find it difficult to discern any meaningful distinction among notices of claim sent by certified mail to the attorney general depending on whether they are addressed to the capitol office, Main Street office, post office box, or some combination of those addresses. The undisputed facts show that, regardless of which address is used, the mail is handled in the same manner and reaches the attorney general at the same location in the same fashion

---

[5] The current version of the notice of claim form and department of justice web site differ from the versions in the record. The current version of the notice of claim form omits "Post Office Box 7857" from the address but retains the post office box zip code. *See http://www.doj.state.wi.us/docs/injury_and_claim_form.pdf* (last visited November 18, 2011). The current version of the web site directs claimants to use "53702-7857" instead of "53707-7857." *See http://www.doj.state.wi.us/ag/contact.asp* (last visited November 18, 2011) (emphasis added). We may take judicial notice that the zip code 53702 is for the state capitol. *See* WIS. STAT. § 902.01(2) ("judicially noticed fact must be one not subject to reasonable dispute in that it is any of the following: . . . . (b) A fact capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."). Regardless of which versions of the form and web site we consider, we would reach the same conclusions.

201

and time frame, and that location is not the capitol office. As we have indicated, "service" at the physical location of the capitol office is not possible.

¶ 22. We further observe that the physicians do not meaningfully address how their proposed interpretation fits with the statutory requirement that the attorney general be "served . . . by certified mail" at his or her capitol office. The undisputed facts show that, even if the attorney general's capitol office address is included on the notice, service by certified mail occurs at the U.S. Post Office branch where the attorney general's post office box is located. It is at that location where an agent of the state signs for the certified mail. After that, the notice is delivered to the Main Street address. Accordingly, the physicians' proposal does not provide any meaningful basis for considering a notice "served" at the capitol office only when the attorney general's capitol address is included.

¶ 23. We also note that even the most conscientious claimant would be hard pressed to determine which particular address of the attorney general, or combination thereof, ensures "service upon the attorney general at his or her office in the capitol." A claimant who reads the statute literally would conclude that the notice should be addressed to the attorney general at "Capitol Office, Madison WI, 53702." A claimant who scrupulously follows the attorney general's instructions would use a hybrid referring to the capitol but also the post office box. A claimant who becomes confused by a comparison of the statute to the instructions on the attorney general's claim form and web site might investigate further, discover the state's mail processing practice, and conclude that the notice should be addressed to the Main Street office because that is where it is delivered anyway.

202

¶ 24. The confusion over what a reasonable claimant could consider the proper address underscores our conclusion that the only reasonable interpretation of the statute, in light of the undisputed facts, is that a notice is properly served if a claimant sends the notice by certified mail addressed to the attorney general at his or her capitol office, Main Street office, or post office box, or any combination of those addresses, assuming that the notice otherwise complies with WIS. STAT. § 893.82(5). There is no other interpretation that both (1) allows for service and (2) treats equally all notices that are delivered to the attorney general by the same process and at the same location.

### b. Statutory Purposes

¶ 25. Our interpretation of the statute is further supported by the statutory purposes. One of the express legislative purposes of WIS. STAT. § 893.82 is "to . . . [p]rovide the attorney general with adequate time to investigate claims which might result in judgments to be paid by the state." See § 893.82(1)(a). That purpose is fulfilled by our interpretation of § 893.82(5) because, given the state's procedure for processing the attorney general's certified mail, the attorney general will have equal time to investigate claims regardless of which of the specified addresses a claimant uses.[6]

---

[6] There are two additional purposes expressed in WIS. STAT. § 893.82(1), each of which is unaffected by our interpretation of the statute: to "[p]rovide the attorney general with an opportunity to effect a compromise without a civil action or civil proceeding" and to "[p]lace a limit on the amounts recoverable in civil actions or civil proceedings against any state officer, employee or agent." See § 893.82(1)(b) and (c). The latter of

¶ 26. The more specific purpose of the certified mailing requirement in WIS. STAT. § 893.82(5) is to "allow[] the attorney general's office to easily identify mail whose contents are legal in nature and require immediate attention." *Kelly v. Reyes*, 168 Wis. 2d 743, 748, 484 N.W.2d 388 (Ct. App. 1992). The certified-mail requirement also helps to promote a simple, orderly, and uniform way of conducting legal business, and to avoid case-by-case litigation over compliance with the notice of claim procedure. *See id.* at 747. Our interpretation of § 893.82(5) fulfills these purposes as well.

¶ 27. The physicians argue that requiring claimants to include in the address the attorney general's capitol office serves the statutory purposes because it helps the attorney general distinguish mail that is likely to contain a notice of claim from other certified mail. That is, the physicians assert that certified mail addressed, at least in part, to the capitol office is a "red flag" indicating a notice of claim because there is no similar requirement in other statutes. We are not persuaded.

¶ 28. First, the practical benefit of this asserted "red flag" function is marginal because there is no reason to believe that the attorney general's office would not still need to carefully process each item of certified mail. Second, allowing the attorney general to distinguish mail that is likely to contain a notice of claim from other certified mail, while perhaps an added convenience for the attorney general's office in light of the state's mail-processing practice, is not a stated purpose of WIS. STAT. § 893.82. Third, our interpretation

these two purposes is in plain reference to damages limitations set forth in § 893.82(6).

of the statute should help minimize future controversies and case-by-case litigation as to the proper address for a § 893.82(5) notice of claim, thus promoting the goals of simplicity, orderliness, and uniformity in this area. The physicians' interpretation leaves unclear what is necessary to include on the address besides "114 East, State Capitol," and would likely lead to disputes about added details.

### c. Physicians' Remaining Arguments

¶ 29. We turn to the physicians' remaining WIS. STAT. § 893.82(5) arguments. We reject them for the reasons that follow.

¶ 30. The physicians argue that interpreting the statute as the circuit court did, and as we do now, makes surplusage of the phrase "in the capitol" in WIS. STAT. § 893.82(5). The physicians point to the canon of statutory interpretation that "[a] statute should be construed so that no word or clause shall be rendered surplusage and every word if possible should be given effect." *Donaldson v. State*, 93 Wis. 2d 306, 315, 286 N.W.2d 817 (1980). We agree with the physicians that our interpretation of the statute does not assign any meaning to the phrase "in the capitol." However, it is the state's mail practice, not this court, that has deprived the phrase of practical meaning. As the circuit court explained, what has rendered the phrase "in the capitol" surplusage is the attorney general's chosen procedure for processing certified mail. There is no service in the capitol office.

¶ 31. Moreover, the physicians overlook the "if possible" qualifier in the surplusage canon: Courts construe statutes "so that no word or clause shall be rendered surplusage and every word *if possible* [is] given effect." *Id.* (emphasis added). If certified mail

205

addressed to the attorney general's capitol office were delivered by the U.S. Post Office to the capitol office, that would be a different matter. However, as we have explained, the state's procedure makes it absurd and unreasonable to give full literal effect to the statutory phrasing. *See* ¶¶ 14, 16 *supra; see also State v. Gould,* 56 Wis. 2d 808, 812, 202 N.W.2d 903 (1973) ("[t]he court may insert or reject words [that are] necessary").

¶ 32. In a variation on their surplusage argument, the physicians argue that one of the requirements of WIS. STAT. § 893.82(5) is that a notice of claim must be mailed to the attorney general at his or office "in the capitol" and that this means, according to the physicians, that "[n]either the Attorney General nor the circuit court nor any claimant is free to ignore this requirement regardless of how mail to the Attorney General is handled . . . ." Contrary to what that argument suggests, however, it is the attorney general's office that is ignoring this asserted requirement. And, the attorney general's office is doing so each and every time a claimant attempts to properly serve a notice of claim. In effect, the physicians want to hold claimants, but not the state, to the literal requirements of the statute. The physicians, represented by the attorney general's office, fail in any of their arguments to come to grips with this basic flaw in their position.

¶ 33. Thus, our interpretation of WIS. STAT. § 893.82(5) adheres to well-established canons of statutory construction, as well as the purposes of § 893.82. It also ensures that the state is not distinguishing arbitrarily among similarly situated claimants, including those who have made diligent efforts to ascertain the proper way to effect service under § 893.82(5). We have been presented with no other reasonable interpretation

that is consistent with the canons of statutory construction and better meets the statute's goals.

¶ 34. Finally, we conclude that the physicians' arguments regarding WIS. STAT. § 893.82(5) are not enhanced, as they submit, by the legislative directive that claimants must "compl[y] strictly" with the requirements of § 893.82. *See* § 893.82(2m);[7] *see also Kellner v. Christian*, 197 Wis. 2d 183, 194–95, 539 N.W.2d 685 (1995) (under § 893.82(2m), "a claimant must adhere to each and every requirement in [§ 893.82]"). The question presented in this appeal is not whether compliance with a requirement of § 893.82(5) must be strict or may be less than strict. The question is what that requirement is in the first place.

¶ 35. For the reasons stated, we conclude that Hines' notice of claim complied with WIS. STAT. § 893.82(5).[8]

### B. WIS. STAT. § 893.82(3)—Statement of Time

¶ 36. We now turn to the second issue, and conclude that the physicians have not forfeited their opportunity to make an additional argument for dismissal based on WIS. STAT. § 893.82(3) but also that we lack a sufficient record to resolve the issue in this appeal.

¶ 37. A notice of claim under WIS. STAT. § 893.82 must "stat[e] the *time,* date, location and the circum-

---

[7] WISCONSIN STAT. § 893.82(2m) provides, in full, that "[n]o claimant may bring an action against a state officer, employee or agent unless the claimant complies strictly with the requirements of this section."

[8] Our conclusion makes it unnecessary to reach Hines' alternative argument that the physicians should be equitably estopped from arguing that Hines failed to comply with WIS. STAT. § 893.82(5), and so we take no position on that argument.

stances of the event giving rise to the claim for the injury, damage or death and the names of persons involved, including the name of the state officer, employee or agent involved." Section 893.82(3) (emphasis added). Here, Hines' notice identified the dates, location, and circumstances of the surgical procedures alleged to have resulted in injury, as well as the names of the individuals allegedly involved, including the names of the state employee physicians alleged to have been involved. The notice did not, however, expressly allege a particular time of day for any event.

¶ 38. The physicians argue from these facts that Hines failed, as a matter of law, to comply with the statement-of-time requirement in Wis. Stat. § 893.82(3). The physicians concede that they failed to raise this issue in the circuit court but argue that they may raise it on appeal for three reasons: compliance with § 893.82 is "jurisdictional"; all of the facts necessary to decide the issue are of record; and the interests of judicial economy favor deciding the issue now.

¶ 39. Hines argues that the issue is forfeited and not appropriate for resolution as part of this appeal because it involves "factual elements" that were not raised in the circuit court. *See Wirth v Ehly*, 93 Wis. 2d 433, 444, 287 N.W.2d 140 (1980) ("[W]here the question raised for the first time on appeal involves factual elements not raised by the pleadings or not brought to the attention of the lower court, [appellate] court . . . will not generally decide such questions." (quoting *Roseliep v. Herro*, 206 Wis. 256, 264, 239 N.W. 413 (1931))). We are uncertain whether Hines is arguing that the physicians should be foreclosed from raising the statement-of-time issue not only as part of this appeal but also on remand.

¶ 40. We agree with Hines' argument that the statement-of-time issue in this case may involve factual elements that neither the parties nor the circuit court have yet had the opportunity to address. For that reason we decline to resolve this issue on appeal. We also conclude that in the absence of clear and specific argument to the contrary by Hines, the physicians should be allowed to raise the issue in the circuit court on remand. *See State v. Pettit*, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992) (court of appeals need not consider undeveloped arguments); *see also Mannino v. Davenport*, 99 Wis. 2d 602, 604, 609, 612, 299 N.W.2d 823 (1981) (defense of failure to comply with notice of injury statute could be raised for the first time "[s]everal weeks" before trial even when not alleged in pleadings).

## CONCLUSION

¶ 41. For the reasons stated, we affirm the circuit court's order and remand for further proceedings.

*By the Court.*—Order affirmed and cause remanded.