COURT OF APPEALS
DECISION
DATED AND FILED

December 12, 2019

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2018AP1996**

Cir. Ct. No. **2017SC2707**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT IV

PHILLIP BYRD,

PLAINTIFF-APPELLANT,

V.

DONALD STRAHOTA, MARY LEISER, ISAAC HART,
LINDA ALSUM-ODONOVAN, ANNETTE BENDER,
SERGEANT JAKUSZ, SERGEANT WILLET, WELCOME ROSE,
EMILY DAVIDSON AND CATHY JESS,

DEFENDANTS-RESPONDENTS.

APPEAL from an order of the circuit court for Dane County: RICHARD G. NIESS, Judge. *Affirmed*.

¶1    BLANCHARD, J.[1]    Phillip Byrd, pro se, appeals an order of the circuit court dismissing his small claims action against employees of the Wisconsin Department of Corrections, and the court's denial of his motion for reconsideration.   The court dismissed Byrd's complaint on the ground that he failed to follow the requirement in WIS. STAT. § 893.82(5) that claimants serve the attorney general with notices of claim by certified mail.   Byrd makes several arguments on appeal, each of which I reject for reasons explained below, and accordingly affirm.

## BACKGROUND

¶2    At all pertinent times, Byrd was an inmate at Columbia Correctional Institution.   In March 2017, Byrd sent, by regular United States mail, a notice of claim to the Wisconsin attorney general, alleging that he had incurred expenses due to mishandling of an internal complaint.   A month later, Byrd commenced this action by filing a complaint against the persons named in the caption of this case in circuit court, making the same allegation, and he followed this with an amended complaint substantially equivalent to the original complaint.

¶3    The defendants filed a joint motion to dismiss the amended complaint, arguing as pertinent here that Byrd had not complied with the following notice requirement in WIS. STAT. § 893.82(5):   no civil action may be brought against any state employee unless the claimant first serves written notice of a claim on the attorney general by certified mail.   The defendants argued that,

---

[1]  This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(a) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

because Byrd sent the notice of claim via regular mail and not by certified mail, the circuit court did not have personal jurisdiction over the defendants.

¶4     The circuit court granted the defendants' motion and dismissed Byrd's amended complaint.  Despite this, Byrd filed a demand for trial and a trial brief, to which the defendants responded.  In March 2018, the circuit court issued a written order explaining that the court had dismissed Byrd's amended complaint because Byrd had not met a requirement of WIS. STAT. § 893.82(5).

¶5     Byrd filed a motion for reconsideration and the court granted a hearing.  Byrd argued that he had pursued "all avenues at his disposal to get service on defendants."  The court asked for further briefing addressing whether Byrd could possibly have complied with the requirement that he serve the notice of claim by certified mail.  Following additional briefing, the court found, based on an affidavit submitted by the defendants, that it was possible for Byrd to comply with the requirement of certified mailing and accordingly denied Byrd's motion for reconsideration.  Byrd appeals.

## DISCUSSION

¶6     Neither side presents a developed, supported basis to establish the standard of review applicable here, where the circuit court resolved a motion to dismiss based on the threshold issue of an alleged failure of Byrd to serve the notice of claim by certified mail and the court relied in part on an affidavit that did not address a merits issue.  However, I need not dwell on that.  As will become clear from the discussion that follows, the specific arguments that Byrd raises on appeal are easily resolved under any standard of review.  And, all arguments by both sides assume that the circuit court could consider the averments in the affidavits submitted by the parties.

¶7      The defendants renew on appeal their joint argument that Byrd failed to follow the strict statutory requirement that he serve a notice of claim on the attorney general by certified mail.  *See* WIS. STAT. § 893.82(2m) ("No claimant may bring an action against a state officer, employee or agent unless the claimant complies *strictly* with the requirements of this section." (emphasis added)).  Byrd does not dispute that he did not strictly comply with the plain statutory requirement of service on the attorney general by certified mail.

¶8      Byrd apparently intends to renew on appeal his argument that mere substantial compliance with WIS. STAT. § 893.82(5) should be sufficient in his case.  He relies on ***Hines v. Resnick***, 2011 WI App 163, ¶1, 338 Wis. 2d 190, 807 N.W.2d 687.  However, ***Hines*** dealt with a different requirement in § 893.82(5) than is at issue here.  The requirement addressed in ***Hines*** was that a claimant must serve a notice of claim on the attorney general at his or her office in the capitol. ***Id.***, ¶1.  When ***Hines*** was decided, all mail addressed to the attorney general at the capitol office was rerouted to the attorney general's separate Main Street office. ***Id.***  This court held that this made it impossible for claimants to abide by the address requirement, and further concluded that the statute must be interpreted to allow service on the attorney general at the Main Street office to avoid absurd results. ***Id.***, ¶¶9, 16.

¶9      To better illustrate how ***Hines*** is distinguishable, I now provide additional background about the facts here.  As noted, the circuit court invited briefing by both parties on the issue of whether it was possible for Byrd to comply with the certified mail requirement.  The defendants' submissions included an affidavit by an employee of the Wisconsin Department of Justice who averred that Byrd had served the attorney general by certified mail in at least two separate matters after he sent the notice of claim via regular mail at issue here.  Byrd does

4

not dispute that he was in prison on the other occasions. The circuit court reasoned that, because Byrd had been able to subsequently serve notices by certified mail, he could have done so in the present action. Thus, the court explained, Byrd does not fall under the exception created in *Hines*. I agree.

¶10 The *Hines* facts are readily distinguishable from the facts here. This Court established the exception in *Hines* based on literal impossibility—not mere improbability or difficulty. *See id.*, ¶16 ("Enforcing literal compliance with a statute when literal compliance is impossible would, of course, be an absurd and unreasonable result. The legislature plainly intended to describe service that is possible to achieve."). It was not literally impossible for Byrd to send a notice to the attorney general via certified mail, as he proved by doing so on multiple occasions. Byrd argues that, in the instance at issue here, it was impossible for him to strictly comply with the statute because he had to rely on prison personnel to accomplish compliance on his behalf and they failed to do so for reasons outside his control. However, *Hines* did not address individualized cases of inability to comply with any aspect of WIS. STAT. § 893.82—rather, the case addressed a general problem of all applications of the statute that rendered a literal reading of the statute unreasonable. *See id.*

¶11 Byrd has an alternative argument under the prison mailbox rule (or perhaps an extension of this rule). Byrd contends that he properly served the attorney general because, he asserts, he gave it to prison officials with instructions that it be sent by certified mail. The prison mailbox rule provides that, for certain court filings, the filing deadline is tolled on the date a pro se prisoner delivers a filing to the proper prison authorities for mailing. *See State ex rel. Nichols v. Litscher*, 2001 WI 119, ¶1, 247 Wis. 2d 1013, 635 N.W.2d 292.

¶12 I assume without deciding that the prison mailbox rule may establish the proper timing deadline for service of a notice of claim under WIS. STAT. § 893.82. *See State ex rel. Griffin v. Smith*, 2004 WI 36, ¶36, 270 Wis. 2d 235, 677 N.W.2d 259 (suggesting that equitable considerations may come into play regarding deadlines for prisoners when aspects of filings and mailings are out of their control). However, the defect with the notice of claim in Byrd's case was not that it was not timely served, but that it was not sent via certified mail.

¶13 Byrd argues that the mailbox rule ought to be extended to instances in which a prison inmate does everything within his or her control to have correspondence sent via certified mail. In that circumstance, he contends, the correspondence would be treated as certified mail as soon as the inmate makes the hand off to prison officials with that request, regardless whether the officials follow through on the request. Byrd fails to support his argument for a novel extension of the mailbox rule in this context. The judicially created mailbox rule is confined to a limited scope and purpose of tolling statutory filing periods. *State ex rel. Tyler v. Bett*, 2002 WI App 234, ¶¶15, 20, 257 Wis. 2d 606, 652 N.W.2d 800.

¶14 Byrd also argues that the circuit court's decision to hold him to strict compliance with WIS. STAT. § 893.82(5) violated his constitutional right of access to the courts as a prisoner, as described in *Bounds v. Smith*. *See Bounds v. Smith*, 430 U.S. 817, 822 (1977) (prisoners have a constitutional right of access to the courts that "is adequate, effective, and meaningful"), *abrogated by Lewis v. Casey*, 518 U.S. 343, 354 (1996) (right of access to court does not incorporate "a right discover grievances, and to litigate effectively once in court" (emphasis omitted)). I take Byrd to argue that the application of the strict requirements in § 893.82(5)

here deprived him of his right of access to the courts and is unconstitutional as applied to him.

¶15 Byrd cites to no authority supporting the proposition that strict notice requirements, which were possible for him to comply with as a prison inmate, deprive prison inmates of their constitutional right to access the courts. Unlike the situation here, ***Bounds*** dealt with the issue of whether States "must protect the right of prisoners to access to the courts by providing them with law libraries or alternative sources of legal knowledge." ***Bounds***, 430 U.S. at 817; *see also **Tyler***, 257 Wis. 2d 606, ¶¶17-20 (explaining that complaints over adequacy of legal resources are not appropriately addressed through expansion of rules that excuse noncompliance with filing requirements).

¶16 Byrd may intend to argue that aspects of mailing policies or practices at Columbia Correctional constitute a lack of legal resources that restricts access to the courts to a degree that is unconstitutional. However, this argument (and any other that he may intend to make) are inadequately developed and I reject them on that basis. *See **State v. Pettit***, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992) (holding that the Wisconsin Court of Appeals is not required to address issues which are inadequately briefed). As an example, Byrd's possible argument regarding legal resources apparently depends on unsupported assertions regarding mailing procedures that lack appropriate reference to the record. *See* WIS. STAT. RULE 809.19(d)-(e). I cannot go beyond the record and attempt to develop Byrd's arguments for him. *See **Roy v. St. Lukes Medical Ctr.***, 2007 WI App 218, ¶10 n.1, 305 Wis. 2d 658, 741 N.W.2d 256 (appellate court is limited to matters in the record and will not consider any materials that are not in the record).

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.