Dean PATTERSON, Petitioner-Appellant,

v.

BOARD OF REGENTS OF the UNIVERSITY OF WISCONSIN SYSTEM, Respondent.†

Court of Appeals

*No. 80–1970. Submitted on briefs May 1, 1981.—
Decided June 9, 1981.*
(Also reported in 309 N.W.2d 3.)

For the appellant the cause was submitted on the briefs of *John S. Williamson, Jr.,* and *Habush, Habush & Davis, S.C.,* of Milwaukee.

For the respondent the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *James H. McDermott,* assistant attorney general.

† Petition to review denied. ABRAHAMSON, J., took no part.

■

Before Foley, P.J., Dean, J., and Moser, J.

DEAN, J. Dean Patterson appeals from a circuit court order dismissing his petition for review of a Board of Regents determination. Patterson used registered mail rather than certified mail to serve his petition on the Board. The court concluded that because sec. 227. 16(1)(a), Stats., requires either personal service or service by certified mail, Patterson's use of registered mail did not satisfy the statutory requirements. Because service by registered mail more than fulfills the statutory purpose behind the requirement of service by certified mail, we reverse the court's order dismissing Patterson's petition for review.

■

The statutes establish the procedure that allows a party to obtain judicial review of an adverse agency determination. If the statutory requirements for obtaining judicial review are not fully complied with, the subject matter jurisdiction of the circuit court cannot be invoked. *Cudahy v. Department of Revenue,* 66 Wis. 2d 253, 224 N.W.2d 570 (1974). Section 227.16(1)(a) provides that "[p]roceedings for review shall be instituted by serving a petition therefor personally or by certified mail upon the agency or one of its officials . . . ." For purposes of service, the crucial difference between registered and certified mail is that the user of registered mail must be given a receipt upon which a postmark appears. Such a receipt is optional when certified mail is used. *Trojan v. Board of Regents,* 100 Wis.2d 53, 301 N.W.2d 269 (Ct. App. 1980).

Only if the use of registered mail satisfies the statutory requirements does the circuit court gain jurisdiction over Patterson's petition for review. In construing sec. 227.16, this court must try to harmonize the two major purposes behind the Administrative Procedure Act. One goal is to maintain the orderly administration of the ju-

dicial process by requiring strict compliance with ch. 227. This goal is counterbalanced by the intent to afford the appellant every opportunity to get into court and secure a reversal upon any ground that the statute may countenance so long as he apprises his adversaries of the nature of his grievance at least by the time the appeal comes on for hearing. *Hamilton v. DILHR,* 56 Wis. 2d 673, 203 N.W.2d 7 (1973).

The Board of Regents argues that because sec. 227.16 requires service by certified mail, use of registered mail does not strictly comply with the language of the statute. A statute, however, must be construed in light of its purpose. *Wisconsin's Environmental Decade, Inc. v. PSC,* 84 Wis.2d 504, 267 N.W.2d 609 (1978). The primary purpose behind the requirement of certified mail is to ensure delivery and to easily determine the date of delivery. Registered mail fulfills this purpose to an even greater degree. Registered mail requires a receipt of delivery; a receipt is optional when certified mail is used. Since the use of registered mail fulfills the purpose of sec. 227.16, it does not upset the orderly administration of the judicial process. Furthermore, such a reading allows access to an aggrieved litigant who has complied with the spirit behind the statutory language.

The Board argues that "[i]f the statutory prescriptions to obtain jurisdiction are to be meaningful they must be unbending." *519 Corp. v. Department of Transportation,* 92 Wis.2d 276, 288, 284 N.W.2d 643, 649 (1979). In *519 Corp.,* however, the court refused to allow a party to substitute the use of ordinary mail for the requirement that certified mail be used. Ordinary mail does not provide the return receipt used in both certified and registered mail. Registered mail, however, is a stricter form of certified mail. Although we agree that

strict compliance with the ch. 227 procedures is required before the circuit court obtains subject matter jurisdiction, we conclude that a stricter compliance than the statute demands is not necessarily a failure to strictly comply. Such a reading would lead to an absurd and unjust result, and we reject such a construction. *Wisconsin's Environmental Decade*. We therefore conclude that when a statute requires service by certified mail, registered mail may be substituted.

*By the Court.*—Order reversed and cause remanded.