SHIRLEY S. ABRAHAMSON, J.
| 47. (dissenting). Wisconsin Stat. § 893.82 requires an individual, prior to filing suit against a "state officer, employee or agent," to serve a "notice of claim"[1] on the attorney general in his office in the Capitol by certified mail. See Wis. Stat. §§ 893.82(2m), (3), (5) (2013-14).[2]
¶ 48. No one can literally (or "strictly," see Wis. Stat. § 893.82(2m)) comply with the statute. The attorney general no longer receives certified mail in his office in the Capitol.[3] The majority is not perturbed. See majority op., ¶ 37. The majority does not require strict compliance with this aspect of the statute. Rather the majority adjusts its reading of the statute to fit the facts and to make practical sense.
*162 ¶ 49. The majority does not, however, adjust its reading of the statute to allow notice of a claim to be delivered by a person in a sheriffs uniform or other process server's uniform rather than by a person in a United States postal uniform. The majority opinion implicitly concludes that the uniform of the person delivering a notice of claim is key to whether the notice was validly served. If a notice of claim is not sent by certified mail, and thus delivered by someone in a U.S. postal uniform, the majority opinion concludes the notice was improperly served, and the claimant's case should be dismissed.
¶ 50. The record demonstrates that Sorenson's notice of claim, although served by a process server, was processed at the attorney general's office by the same individuals in the same manner as notices of claim served by certified mail.
¶ 51. I agree with the concerns of Judge Posner, who recently decried dismissal of a litigant's viable claim based on counsel's harmless procedural gaffe. The concerns he expressed are pragmatic, but rest on the principles of fairness and justice upon which our legal system is based. These concerns should guide the court in the present case. Judge Posner wrote:
I find myself increasingly uncomfortable with basing dismissals with prejudice on harmless procedural bobbles. The only argument in favor of such summary justice that I can imagine is that by punishing parties for their lawyers' mistake we improve the quality of the bar; the lawyers who disserve their clients attract fewer new clients and eventually perhaps are forced to leave the practice — an example of the positive effect of competition on the quality of goods and service that a market provides. But while this is plausible in theory, I have to say that in more than 33 years as a federal *163 court of appeals judge I have not noted any improvement in the average quality of the lawyers who appear before us. I find it difficult to believe that punishing [the plaintiff] and his lawyer by in effect a "fine" of $925,000 will promote the quality of legal representation in the courts of this circuit.[4]
¶ 52. I disagree with the majority's conclusion that personal service in the instant case does not comply with the statutory service requirement and that only service by certified U.S. mail counts.
¶ 53. I write separately to make two points:
(1) A court scrutinizes the text of a statute in view of the purposes of the statute. "Words are given meaning to avoid absurd, unreasonable, or implausible results and results that are clearly at odds with the legislature's purpose." Force ex rel. Welcenbach v. Am. Family Mut. Ins. Co., 2014 WI 82, ¶ 30, 356 Wis. 2d 582, 850 N.W.2d 866. Personal service fulfills the express purposes of the notice of claim requirement.
(2) Personal service is a stricter form of service than certified mail, and "stricter compliance than the statute demands is not necessarily a failure to strictly comply." See Patterson v. Bd. of Regents, 103 Wis. 2d 358, 361, 309 N.W.2d 3 (Ct. App. 1981); Weis v. Bd. of Regents, 837 F. Supp. 2d 971, 979 (E.D. Wis. 2011).
¶ 54. Because, in my opinion, personal service fulfills the purposes of Wis. Stat. § 893.82 and is a stricter form of service than certified mail, interpreting Wis. Stat. § 893.82(2m) to bar an action against a state *164 officer, employee, or agent simply because the notice of claim was served personally by a process server rather than by a U.S. postal worker delivering certified mail would lead to the absurd result of dismissing an otherwise viable claim for a "harmless procedural bobble []." [5]
¶ 55. As a result, I dissent and write separately.
I — I
¶ 56. I begin with the text of Wis. Stat. § 893.82, which states (in relevant part and with emphasis added) the purposes of the section and the requirements the legislature has set forth:
(1) The purposes of this section are to:
(a) Provide the attorney general with adequate time to investigate claims which might result in judgments to be paid by the state.
(b) Provide the attorney general with an opportunity to effect a compromise without a civil action or civil proceeding.
(2m) No claimant may bring an action against a state officer, employee or agent unless the claimant complies strictly with the requirements of this section.
(3) Except as provided in sub. (5m), no civil action or civil proceeding may be brought against any state officer, employee or agent for or on account of any act growing out of or committed in the course of *165 the discharge of the officer's, employee's or agent's duties,. . . unless within 120 days of the event causing the injury, damage or death giving rise to the civil action or civil proceeding, the claimant in the action or proceeding serves upon the attorney general written notice of a claim stating the time, date, location and the circumstances of the event giving rise to the claim for the injury, damage or death and the names of persons involved, including the name of the state officer, employee or agent involved. . . .
(5) The notice under sub. (3) shall be sworn to by the claimant and shall be served upon the attorney general at his or her office in the capítol by certified mail. Notice shall be considered to be given upon mailing for the purpose of computing the time of giving notice.
¶ 57. As Wis. Stat. § 893.82(1) explains, the purpose of requiring a claimant to serve a notice of claim on the attorney general is twofold: (1) to provide the attorney general with notice of claims against the state and time to investigate; and (2) to provide the attorney general time to reach a settlement prior to litigation.
¶ 58. In Wis. Stat. § 893.82(5), the legislature specified a method of service for notices of claim: certified mail. Certified mail is "[m]ail for which the sender requests proof of delivery in the form of a receipt signed by the addressee." Black's Law Dictionary 1096 (10th ed. 2014).
¶ 59. The court of appeals has articulated a twofold purpose for requiring service on the attorney general by* certified mail: (1) to "allow[] the attorney general's office to easily identify mail whose contents are legal in nature and require immediate attention"; *166 and (2) to ensure that delivery of the notice of claim can be verified. See Kelly v. Reyes, 168 Wis. 2d 743, 747-48, 484 N.W.2d 388 (Ct. App. 1992); Patterson v. Bd. of Regents, 103 Wis. 2d 358, 360, 309 N.W.2d 3 (Ct. App. 1981).
¶ 60. Personal service (by a process server) of a notice of claim serves both the express statutory purposes for notice of claim contained in Wis. Stat. § 893.82(1) and the purposes of requiring notices of claim be served on the attorney general by certified mail identified in the case law.
¶ 61. A personally served notice of claim, like a notice of claim served by certified mail, informs the attorney general of claims against the state and gives him or her an opportunity to reach a settlement prior to litigation. Moreover, personal service (by a process server) of a notice of claim, even more than service by a U.S. postal worker by certified mail, clearly identifies the notice as legal in nature and provides an easily verifiable means of confirming that the notice was actually served and when it was served.
¶ 62. In sum, there is no reason "why signing a receipt for an envelope delivered by a U.S. Postal employee is different from signing an acknowledgement of receipt on a copy of a notice of claim delivered by a deputy sheriff or other process server." Weis v. Bd. of Regents, 837 F. Supp. 2d 971, 979 (E.D. Wis. 2011).[6]
*167 ¶ 63. The dismissal of an otherwise viable claim should not depend on whether notice of that claim was delivered by someone in a sheriffs uniform rather than a U.S. postal uniform. To hold otherwise, as the majority opinion does, is to elevate form over substance and countenance an absurd result — dismissal of a viable claim based on a harmless procedural gaffe. See Hamilton v. Hamilton, 2003 WI 50, ¶ 39, 261 Wis. 2d 458, 661 N.W.2d 832 (" [A] court will seek to avoid a truly absurd or unreasonable result.") (citations omitted).
I — I l — H
¶ 64. The absurdity of dismissing Sorenson's otherwise viable claims based on personal service of the notice of claim by a process server rather than service by a U.S. postal worker by certified mail is underscored by the fact that personal service is, in fact, a stricter form of service than certified mail.
¶ 65. In dismissing Sorenson's otherwise viable claims, the majority opinion relies on the requirement in Wis. Stat. § 893.82(2m) that a claimant "compl[y] strictly with the requirements of [Wis. Stat. § 893.82]." See majority op., ¶ 24.
¶ 66. In an analogous context — the statute required service by registered mail and service was by certified mail — the court of appeals noted that "[although we agree that strict compliance... is required . . . we conclude that a stricter compliance than the statute demands [here, by certified mail] is not necessarily a failure to strictly comply. Such a reading *168 would lead to an absurd and unjust result, and we reject such a construction." Patterson, 103 Wis. 2d at 360-61.
¶ 67. Relying on Patterson's observation that stricter compliance is not necessarily a failure to strictly comply, the federal district court in Weis v. Board of Regents, 837 F. Supp. 2d 971 (E.D. Wis. 2011), rejected the same argument the State makes in the instant case.
¶ 68. In Weis, the plaintiffs personally served notice of claim on the attorney general. Weis, 837 F. Supp. 2d at 979. The defendants in Weis argued that because notice of claim was not served by certified mail, the plaintiffs' claims should be dismissed. Weis, 837 F. Supp. 2d at 979.
¶ 69. Noting that the plaintiffs' notice of claim was received and acknowledged by the attorney general, the Weis court concluded there was no meaningful difference between service by certified mail and service by process server. Weis, 837 F. Supp. 2d at 979. As a result, the federal district court held that the plaintiffs strictly complied with Wis. Stat. § 893.82. Weis, 837 F. Supp. 2d at 979-80.
¶ 70. The reasoning in Patterson and Weis is, in my opinion, more persuasive than that of the majority opinion. Service of process by a sheriff or process server is reliable, verifiable, and almost universally accepted. "Certainly, the gold standard of notice is service of process by the sheriff or other process server . . . ." Schlereth v. Hardy, 280 S.W.3d 47, 52 n.4 (Mo. 2009) (en banc). For this reason, Wis. Stat. § 801.11(3) requires personal service on the State to be made by delivering a copy of the summons and corn- *169 plaint to the attorney general or leaving them at the attorney general's office in the Capitol with an assistant or clerk.
¶ 71. If service of a notice of claim by certified mail strictly complies with Wis. Stat. § 893.82, then the "gold standard" of service — personal service by a sheriff or process server — complies even more strictly.
¶ 72. In sum, because personal service fulfills the purposes of Wis. Stat. § 893.82 and is a stricter form of service than certified mail, interpreting Wis. Stat. § 893.82(2m) to bar an action against a state officer, employee, or agent simply because notice of claim was served by a process server rather than by a U.S. postal worker via certified mail would lead to an absurd result: dismissing an otherwise viable claim for a "harmless procedural bobble[]." Reserve Hotels, 790 F.3d at 745 (Posner, J., dissenting).
¶ 73. For the reasons set forth, I dissent and write separately.
¶ 74. I am authorized to state that Justice ANN WALSH BRADLEY joins this dissent.

 An example of a notice of claim is available on the Department of Justice's website at https://www.doj.state.wi.us/sites/default/files/dls/notice-of-injury-and-claim-form.pdf.

 All subsequent references to the Wisconsin Statutes are to the 2013-14 version unless otherwise indicated.

 Hines v. Resnick, 2011 WI App 163, ¶ 14, 338 Wis. 2d 190, 807 N.W.2d 687 ("[T]he undisputed facts in this case establish that service by certified mail to the attorney general's capitol office never occurs, and cannot occur, regardless of how a claimant addresses a notice, or what physical location the claimant has in mind as its destination.").

 See Reserve Hotels PTY Ltd. v. Mavrakis, 790 F.3d 738, 745 (7th Cir. 2015) (Posner, J., dissenting).

 See Reserve Hotels, 790 F.3d at 745 (Posner, J., dissenting).

 The Weis court wrote that the State defendant argued
that 'the certified mail requirement facilitates the identification of that particular type of legal filing'. . . but offer no explanation why signing a receipt for an envelope delivered by a U.S. Postal employee is different from signing an acknowledgment of receipt on a copy of a notice of claim delivered by a deputy sheriff or other process server. Seeing no difference between the two, I conclude that Plaintiffs strictly complied with the notice of claim statute.
*167 Weis v. Bd. of Regents, 837 F. Supp. 2d 971, 979 (E.D. Wis. 2011).