# IN THE COURT OF APPEALS OF IOWA

No. 15-1357
Filed June 15, 2016

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**DAVID TREPTOW,**
     Defendant-Appellant.
_____

Appeal from the Iowa District Court for Buchanan County, Jeffrey L. Harris, District Associate Judge.

David Treptow appeals his conviction and sentence for operating while intoxicated; possession of marijuana, second offense; and public intoxication, third or subsequent offense. **AFFIRMED.**

Cory J. Goldensoph, Cedar Rapids, for appellant.

Thomas J. Miller, Attorney General, and Kevin R. Cmelik and Mary A. Triick, Assistant Attorneys General, for appellee.

Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**MULLINS, Judge.**

David Treptow pled guilty to: (1) possession of marijuana, second offense, (2) operating while intoxicated (OWI), and (3) public intoxication, third or subsequent offense, and was sentenced to incarceration. On appeal, he argues his counsel was ineffective in failing to move to dismiss the public-intoxication charge on speedy-trial grounds and the district court abused its discretion in sentencing him to incarceration. We affirm.

### I.    Background Facts And Proceedings

We will summarize the most significant events for the speedy-trial claim.[1]

On May 8, 2009, Treptow was charged by trial information with public

---

[1] Below is more detail of those events:

May 8, 2009, Treptow was charged by trial information with public intoxication (third or subsequent offense).

June 3, 2009, he filed a written arraignment and plea of not guilty; the court set pretrial conference for July 17 and trial for July 29, 2009, noting Treptow "stands on" his right to a speedy trial.

July 17, 2009, the court sustained "Defendant's motion to reset this matter for further proceedings and sentencing," ordered sentencing for August 21, 2009, and directed defense counsel to file a written plea of guilty.

August 21, 2009, the court ordered a continuance to September 18, 2009, "[a]t the request of counsel for the defendant."

September 18, 2009, the court ordered the case continued to October 2, 2009.

October 2, 2009, the court issued an arrest warrant for Treptow's failure to appear.

September 7, 2014, Treptow had an initial appearance on the arrest for his failure to appear.

September 19, 2014, the court entered an order setting further proceedings for October 3, 2014.

September 30, 2014, Treptow was charged by trial information with "manufacture, deliver or possess with intent to manufacture or deliver marijuana, enhanced as a habitual offender, enhanced as second offense" and OWI, first offense.

October 3, 2014, an order was entered in the public-intoxication case setting further proceedings on November 21, 2014, "[a]t the request of the defendant."

November 21, 2014, "upon the joint application of the parties," the public-intoxication case was set for trial on December 10, 2014, with pretrial conference to be held on December 2.

intoxication, third or subsequent offense. On July 17, the date scheduled for the pretrial conference, the court set a sentencing hearing for August 21, 2009, in response to Treptow's motion. The sentencing was continued twice at Treptow's request and a third time to October 2 for reasons unclear in the record. After Treptow failed to appear on October 2, 2009, his pretrial release was revoked and a warrant was issued for his failure to appear.

Almost five years later, he was arrested on the warrant for failure to appear and had an initial appearance for that arrest on September 7, 2014.

---

December 2, 2014, a pretrial conference order continued the pretrial conference to January 2, 2015, and trial to January 7, "at the request of the parties for the following reason: negotiations."

January 2, 2015, a pretrial conference order continued the pretrial conference to February 10, 2015, and trial to February 25, "at the request of the defendant for the following reason: defense counsel."

January 5, 2015, Treptow filed a written waiver of speedy trial. He also filed a motion to continue the trial set for January 7, 2015, and requested to consolidate the marijuana and OWI case with the other pending case.

February 13, 2015, the court entered an order continuing the trial of the public-intoxication case to March 25, 2015, and pretrial to March 17, "[o]n the defendant's motion and without resistance from the State of Iowa."

March 17, 2015, the pretrial conference order set further proceedings or sentencing on April 28, 2015, and directed defense counsel to file a written plea of guilty.

April 14, 2015, the court entered an order granting a motion to extend deadline to file written guilty plea to April 21, 2015.

April 28, 2015, the court entered an order granting a continuance of the scheduled hearing to May 12, 2015, "[u]pon the request of the defendant and counsel."

May 7, 2015, Treptow filed written guilty pleas to public intoxication (third offense), OWI, (first offense), and possession of marijuana (second offense).

May 12, 2015, the court entered an order continuing the guilty plea proceedings and/or sentencing to June 9, 2015, "[b]ecause the defendant's attorney has a schedule conflict and is unavailable on this date."

June 3, 2015, in response to Treptow's motion to continue sentencing so he could proceed with his treatment, the court ordered sentencing for June 30, 2015.

June 26, 2015, in response to Treptow's motion to continue, the court ordered sentencing continued to July 17, 2015.

July 9, 2015, in response to Treptow's motion to continue, the court ordered sentencing continued to August 7, 2015.

August 7, 2015, the court accepted Treptow's guilty plea and entered judgment and sentence: two years' incarceration for the public-intoxication case; 365 days' incarceration for the marijuana case; 365 days' incarceration for the OWI case; all incarceration to run consecutive; and other ordered provisions.

Further proceedings were scheduled for October 3 and then continued to November 21 at Treptow's request. By joint application of the parties, at the November 21 hearing, the pretrial conference was set for December 2 and trial for December 10. At the December 2 pretrial conference, trial was continued to January 2015 at the "request of the parties" for negotiations. At the next scheduled pretrial conference, defense counsel requested and was granted another trial continuance. Prior to the next scheduled hearing, Treptow executed and signed a written waiver of speedy trial. He subsequently pled guilty to the public-intoxication charge and two other pending charges per a plea agreement and was sentenced.

## II.    Standard and Scope of Review

Speedy trial rights are guaranteed by the Iowa Constitution. Iowa Const. art. I, § 10. A "defendant must be brought to trial within 90 days after indictment [or information] is found or the court must order the indictment [or information] to be dismissed unless good cause to the contrary be shown." Iowa R. Crim. P. 2.33(2)(b); *see also* Iowa R. Crim. P. 2.5(5). We generally review questions of speedy trial under rule 2.33(2) for correction of errors at law. *State v. Finn*, 469 N.W.2d 692, 693 (Iowa 1991). "Under this rule, a criminal charge must be dismissed if the trial does not commence within ninety days from the filing of the charging instrument 'unless the State proves (1) defendant's waiver of speedy trial, (2) delay attributable to the defendant, or (3) "good cause" for the delay.'" *State v. Winters*, 690 N.W.2d 903, 908 (Iowa 2005) (citation omitted). Treptow claims his counsel provided ineffective assistance, a constitutional claim,

resulting in denial of his speedy trial rights. Thus, our review is de novo. *State v. Utter*, 803 N.W.2d 647, 651 (Iowa 2011).

"We review sentencing decisions for abuse of discretion or defect in the sentencing procedure." *State v. Hopkins*, 860 N.W.2d 550, 553 (Iowa 2015). "An abuse of discretion will only be found when a court acts on grounds clearly untenable or to an extent clearly unreasonable." *Id.* (quoting *State v. Leckington*, 713 N.W.2d 208, 216 (Iowa 2006)).

### III. Analysis

#### A. Speedy Trial

Although Treptow had several charges pending against him during the course of the proceedings at the district court, his speedy-trial claim relates only to the public-intoxication charge. The trial information was filed May 7, 2009. The case was scheduled for trial to commence on July 29, 2009. The district court's order of July 17, 2009, recites that Treptow made a motion[2] to "reset this matter for further proceedings and sentencing." That order set "further proceedings and/or sentencing" on August 21, 2009, required defense counsel to file a written guilty plea, and instructed Treptow to appear in person for sentencing and to obtain a substance evaluation and report prior to the sentencing date. Treptow's July 17 motion to reset for further proceedings and sentencing resulted in the case being removed from the July 29 trial schedule and set for proceedings to occur after the expiration of the ninety-day speedy-trial deadline. The reason for failure to have a trial within the ninety days was

---

[2] We find no written motion in the court file and presume the motion was made orally during the course of the pretrial conference scheduled for July 19. The order implies defense counsel informed the court of Treptow's intent to file a written guilty plea.

attributable to Treptow and was for good cause: prior to the expiration of the ninety days he informed the court he wanted to plead guilty. *Winters*, 690 N.W.2d at 908.

On August 21, 2009, his counsel requested, and the court ordered, a continuance to September 18, 2009. The continued delay was attributable to Treptow, by his counsel, presumably wanting more time to comply with filing the written guilty plea and obtaining a substance abuse evaluation and report. *Id.* On September 18, the court continued the hearing once again, this time to October 2, 2009, but the order recites no reason or movant, and gives no indication as to who—if anyone—was present at that time. If that continuance was at the request of Treptow or a result of his failure to appear, then the delay was attributable to him. *Id.*; *State v. Lyles*, 225 N.W.2d 124, 126 (Iowa 1975) ("The State's duty to provide a defendant a speedy trial does not require that it play a game of hide-and-go-seek with him."). On October 2, 2009, the court issued an arrest warrant for his failure to appear.[3] His pretrial release conditions were then revoked.

After nearly five years, the arrest warrant was finally executed and Treptow was in court for an initial appearance on September 7, 2014. In order to address the calculation of the speedy-trial deadline after a defendant has absconded, we examine existing case law. In *State v. Hamilton*, our supreme court addressed the issue of how to calculate the ninety-day speedy-trial deadline upon withdrawal of a waiver of the right to speedy trial. 309 N.W.2d

---

[3] Treptow was never sentenced on that intended guilty plea. There is no evidence in the record that he ever filed one as ordered by the court.

471, 475-76 (Iowa 1981). The court reviewed prior case law that determined the time period for a trial after remand from an appeal is calculated from the date of issuance of procedendo, and for retrial after a mistrial, the time period runs from the date of the ruling on the mistrial. *Id.* at 475. The court explained the obvious purpose of our speedy-trial rule is to implement constitutional requirements. *Id.* But the court made clear "[t]he rule was not intended to provide a defendant with a weapon to trap state officials and terminate prosecutions. Nor was it intended to be a device to give a defendant absolute immunity from prosecution." *Id.* The court concluded: "We therefore hold as a rule of this court that when a waiver of the right to a speedy trial is withdrawn, the defendant must be tried within ninety days from the date of withdrawal unless good cause to the contrary be shown." *Id.* The supreme court has applied the same principle after withdrawal of a guilty plea, calculating a new ninety-day speedy-trial deadline from the date of withdrawal. *State v. Clark*, 351 N.W.2d 532, 535 (Iowa 1984).[4] We determine the five-year absence caused by Treptow's failure to appear at his court proceedings requires a new speedy-trial deadline that commenced on the date of his initial appearance following his arrest for failure to appear. *See* Iowa R. Crim. P. 2.33(2)(b).

On November 21, 2014, "upon the joint application of the parties," the public-intoxication case was set for trial December 10, 2014, with pretrial

---

[4] For speedy-trial purposes, we distinguish the impact of Treptow's five-year absence from cases in which a defendant's actions during pretrial procedures result in extensions rather than recalculation of the speedy-trial deadline. *See, e.g., State v. Campbell*, 714 N.W.2d 622, 628 (Iowa 2006) (extending the original speedy-trial deadline by fourteen days as a result of motions filed by defendant); *State v. Smith*, 573 N.W.2d 14, 17-18 (Iowa 1997) (finding delay attributable to defendant requesting severing issues for separate trials and acquiescing in date for the second trial beyond speedy-trial deadline). Extensions may be appropriate when the trial process is ongoing, though delayed.

conference to be held December 2. At the December 2, 2014 pretrial conference, the court continued the pretrial conference to January 2, 2015, and trial to January 7, "at the request of the parties for the following reason: negotiations." The ninety-day speedy-trial deadline would have been December 7, 2014. The record shows Treptow's counsel, acting on Treptow's behalf, joined in the request for continuance in order to facilitate plea negotiations. Consequently, the continuance of the proceedings beyond the deadline was for good cause per the rule. *See State v. Taylor*, No. 14-2075, 2015 WL 5969058, at *2-3 (Iowa Ct. App. Oct. 14, 2015) (discussing good cause for delay under rule 2.33(2)(b) and noting a "person may impliedly waive the right [to speedy trial] by delaying trial, such as filing a motion to continue" and that "where a delay is the result of negotiations between the defendant and the State, there may be good cause for the delay").

On January 2, 2015, a pretrial conference order continued the pretrial conference to February 10, 2015, and trial to February 25, "at the request of the defendant for the following reason: defense counsel." Again, any delay up to that time was attributable to Treptow and for good cause. *See State v. Ruiz*, 496 N.W.2d 789, 792 (Iowa Ct. App. 1992) ("[A] defendant may not actively, or passively, participate in the events which delay his or her trial and then later take advantage of that delay to terminate the prosecution.").[5] On January 5, 2015,

---

[5] *See also* <u>State v. Campbell</u>, 714 N.W.2d 622, 628 (Iowa 2006) (any extension of a speedy trial deadline "may not be made in [] a mechanical fashion because it is not accurate to assume that pretrial events consuming a measurable amount of time will force a delay in the trial of a like amount of time.")

Treptow filed a written waiver of speedy trial. He did not thereafter re-demand a speedy trial. Ultimately, he filed a written guilty plea and was sentenced.

We have analyzed each potentially relevant delay beyond the ninety-day deadline as the same existed during the 2009 proceedings and again as it existed in the 2014-2015 proceedings. With the exception of the order of September 18, 2009, we find good cause for each delay based on motions or representations made by Treptow, his counsel, or by joint agreement with the State, as documented primarily by the court in its various orders. As to those delays, there is nothing in the record that would have supported a claim by counsel that Treptow's speedy-trial rights were violated such that he would have been entitled to a dismissal. Accordingly, counsel did not fail in an essential duty to Treptow and did not provide ineffective assistance.[6] *See State v. Brothern*, 832 N.W.2d 187, 192 (Iowa 2013) ("We will not find counsel incompetent for failing to pursue a meritless issue." (citation omitted)).

The September 18, 2009 order does not recite any reason for the continuance, and we find none in the record. Accordingly, we preserve the delay occasioned by that order for possible postconviction proceedings.[7]

### B. Sentencing

Treptow also contends the district court abused its discretion in sentencing him to incarceration. "We give sentencing decisions by a trial court a strong presumption in their favor." *Hopkins*, 860 N.W.2d at 553. When, as here, the

---

[6] Treptow does not claim counsel was ineffective by making or joining in motions to continue the proceedings.

[7] In a footnote of his brief, Treptow also alleges his trial counsel filed the signed plea agreement contrary to his wishes. He admits the record is inadequate for our review of this claim, so we grant his request to preserve this claim for postconviction proceedings.

sentence given "falls within statutory parameters, we presume it is valid and only overturn for an abuse of discretion or reliance on inappropriate factors." *Id.* at 554. "To overcome the presumption [of validity], we have required an affirmative showing the sentencing court relied on improper evidence." *Id.* (alteration in original) (citation omitted).

At sentencing, the district court noted it had considered the sentencing goals of punishment and general and specific deterrence, Treptow's own testimony, Treptow's rehabilitative potential and extensive criminal record, the need to protect the community, and the statements of Treptow's counsel—which addressed Treptow's recent rehabilitative efforts, including his completion of outpatient treatment for his marijuana addiction and continued participation in after-care. *See generally id.* (listing factors to be considered). In analyzing all of the factors, the court stated, "I question your rehabilitative potential. Your extensive criminal record, both in the States of Washington and Iowa, paint a very dire picture of you and of your rehabilitative potential."

In appealing his sentence, Treptow argues that putting him in prison, in light of his long-term addiction, is more likely to lead to regression rather than encourage the rehabilitative measures Treptow has already taken. Notably, Treptow does not argue the court considered improper factors, but rather that the court incorrectly weighed the factors and failed to give sufficient consideration to Treptow's addiction. That Treptow would have the court grant greater weight to other factors does not constitute an abuse of discretion. On our review, the sentence imposed by the district court was not an abuse of discretion.

**IV.    Conclusion**

We preserve for postconviction relief Treptow's argument of ineffective assistance of counsel with regard to the continuance granted on September 18, 2009, and Treptow's claim that his trial counsel filed the signed plea agreement contrary to Treptow's instruction.   As to all other delays, we find Treptow's speedy-trial right was not violated and thus his trial counsel was not ineffective. We further conclude the district court did not abuse its discretion when imposing sentence.

**AFFIRMED.**